Billy Joe LINCOLN *v.* STATE of Arkansas

CR 85-66                                         696 S.W.2d 316

Supreme Court of Arkansas
Opinion delivered September 23, 1985

*John W. Settle*, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. In Billy Joe Lincoln's second appeal from his conviction for attempted first degree murder, he raises two procedural questions: one concerning an amendment to the charges, the other about the validity of the evidence of a prior conviction. Lincoln's first conviction was reversed by the court of appeals in *Lincoln* v. *State*, 12 Ark. App. 46, 670 S.W.2d 819 (1984). Before the first trial, the trial court refused the state's request to amend the information to allege prior convictions because it had been filed "too close to trial for the defense to be prepared." This issue was not before the Court of Appeals. On retrial the state again asked to amend the information to allege three prior convictions, two from Arkansas and one from Missouri. This time the trial judge granted the state's request, commenting that he did not find any intent to punish the defendant for the first successful appeal.

Lincoln argues that the doctrines of the law of the case and *res judicata* prevent such an amendment. The doctrine of law of the case generally requires that decisions in a single lawsuit, whether at the trial or appellate level, control later decisions in that same case. Here, we are asked to hold that a trial court's decision not to allow amendment of an information, because the amendment was sought within ten days of trial, should have controlled in the retrial which took place much later. While it is clear the decision of an appellate court will be the controlling law of the case in a later trial, the trial court clearly was not, and should not have been, bound by its former decision in the case when the factual basis of the decision, i.e., the timeliness of the proposed amendment, was no longer a factor. *Turner* v. *State*, 251 Ark. 499, 473 S.W.2d 904 (1972).

The doctrine of *res judicata* prevents the relitigation of issues that have been, or might have been, litigated. The amendment was not denied at the first trial because it was wrong or illegal, but simply because it was untimely. *Res judicata* is not applicable.

We have held that amendments to an information are

permitted under Ark. Stat. Ann. § 43-1024 (Repl. 1977), if the amendment does not change the nature or degree of the crime charged, and if the accused is not surprised by the amendment. *Wilson* v. *State*, 286 Ark. 430, 692 S.W.2d 620 (1985). The amendment in this case did not change the charge itself. *Crofton* v. *State*, 274 Ark. 319, 624 S.W.2d 448 (1984). See *State* v. *Brown*, 283 Ark. 304, 675 S.W.2d 822 (1984). At the second trial it was not untimely nor deemed prejudicial. It was within the court's discretion at the first trial to refuse the state's amendment to the information, just as the ruling at the second trial was discretionary. The trial judge found no prejudice, and we find none.

■ Next, it is argued it was error to allow the state to introduce evidence of a conviction over ten years old which was not specified to be a felony. The evidence of the conviction was a certified judgment of the circuit court of Jackson County, Missouri. The charge was first degree robbery; Lincoln pleaded guilty to a reduced charge of stealing and received a three year prison term. Ark. Stat. Ann. § 41-1002 (Repl. 1977) provides that convictions in other jurisdictions are deemed felonies if either death or over one year imprisonment is authorized. The Missouri conviction satisfies that requirement.

■ Lincoln's argument that the certificate is inadmissible because it is over ten years old and it does not show whether Lincoln had received an executive pardon fails because the state is not required to offer anything more than the certificate itself as evidence of a prior conviction. Ark. Stat. Ann. § 41-1003 (Supp. 1983).

Affirmed.

PURTLE, J., not participating.