Joe D. FARISS *v.* STATE of Arkansas

CR 90-90                                    798 S.W.2d 103

Supreme Court of Arkansas
Opinion delivered November 5, 1990

542

*Martin Law Firm, P.A.*, by: *Thomas A. Martin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

DALE PRICE, Justice. The issue in this case is whether the double jeopardy rights of the appellant will be violated if he is required to stand trial for incest. Appellant also relies upon res judicata and collateral estoppel as a bar to his prosecution. We hold that jeopardy did not attach by virtue of the prior civil proceeding and the doctrines of res judicata and collateral estoppel do not preclude his prosecution. Accordingly, we affirm the denial of the appellant's motion to dismiss.

The appellant was charged by information alleging that on or about September 26, 1989, he committed incest with his adopted daughter in violation of Ark. Code Ann. § 5-26-202 (1987). The appellant filed a motion to dismiss the information prior to trial, attaching a copy of an order entered by the juvenile division of the chancery court in a case styled "Arkansas Department of Human Services v. Versalee Fariss, Mother, and Joe Fariss, Father of Cynthia Fariss." The order provided that the Arkansas Department of Human Services (ADHS) had failed to prove by a preponderance of the evidence its allegations of dependent-neglect, including specific allegations of sexual abuse. This order is the only evidence of the prior proceeding provided us by the appellant. The record here contains a statement by the prosecuting attorney at the pretrial hearing to the effect that the facts and circumstances from the dependent-neglect proceeding were those from which the criminal charge arose. An order was entered by the trial court denying the appellant's motion to dismiss, determining that the prior civil adjudication did not collaterally estop or bar by reason of res judicata the state from prosecuting the appellant for incest. The appellant contends the trial court erred in refusing to apply res judicata and collateral estoppel to the final order of the court in the dependent-neglect proceeding.

In *Jones* v. *State*, 230 Ark. 18, 320 S.W.2d 645 (1959), we held an order denying a motion to dismiss an information based upon double jeopardy is an appealable decision.

The Fifth Amendment guarantee against double jeopardy is enforceable against the states through the Fourteenth Amendment. *Benton* v. *Maryland*, 395 U.S. 784 (1969). However, where there is no threat of either multiple punishment or successive prosecutions, the double jeopardy clause is not offended. *United States* v. *Wilson*, 420 U.S. 332 (1975). Jeopardy denotes risk and is traditionally associated with a criminal prosecution. *See Serfass* v. *United States*, 420 U.S. 377 (1975). It has been held that the risk to which the double jeopardy clause refers is not present in proceedings that are not "essentially criminal." *Helvering* v. *Mitchell*, 303 U.S. 391 (1938). Stated another way, the risk to which the term jeopardy refers is that traditionally associated with "actions intended to authorize criminal punishment to vindicate public justice." *United States*

*ex rel. Marcus* v. *Hess*, 317 U.S. 537 (1943).

█ In the case at bar the appellant, his wife and daughter were parties to a civil proceeding brought by ADHS to determine whether the appellant's adopted daughter was dependent-neglected. The order provided that the minor child was not dependent-neglected within the meaning of Arkansas law but that she should not be returned to the home of her parents. A dependent-neglect adjudication is a hearing to determine whether allegations in a petition are substantiated by the proof, Ark. Code Ann. § 9-27-303(5) (Supp. 1989), and its thrust is the protection of a juvenile who is at substantial risk of serious harm. We disagree with the appellant's argument on appeal that his prosecution for incest is barred by the dependent-neglect proceeding inasmuch as the appellant simply was not threatened with multiple punishments and, therefore, the double jeopardy clause is not offended.

█ The appellant has couched his argument in terms of res judicata and collateral estoppel. Res judicata through the doctrines of merger or bar precludes relitigation of a cause of action. *See Smith* v. *Roane*, 284 Ark. 568, 683 S.W.2d 935 (1985). We stated in *Swofford* v. *Stafford*, 295 Ark. 433, 748 S.W.2d 660 (1988), that:

> The claim preclusion part of the doctrine of res judicata bars relitigation of a subsequent suit when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involve the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involve the same parties or their privies. *Bailey* v. *Harris Brake Fire Protection Dist.*, 287 Ark. 268, 697 S.W.2d 916 (1985).

We disagree with the appellant's contention that these five elements are present in the case before us. We cannot say that both suits involve the same claim or cause of action since the appellant has not provided us with a transcript of the dependent-neglect proceeding, and we are not convinced that both actions involve the same parties or their privies. Accordingly, the

appellant's prosecution for incest is not barred by the claim preclusion part of the doctrine of res judicata.

Collateral estoppel bars relitigation between parties of issues actually determined at a previous trial. In the landmark decision of *Ashe* v. *Swenson*, 397 U.S. 436 (1970), the United States Supreme Court accorded collateral estoppel constitutional dimension by incorporating it into the Fifth Amendment against double jeopardy. The Court held:

> Where a previous judgment of acquittal was based upon a general verdict . . . [the rule of collateral estoppel] requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.'

Using the above standard, this court must analyze all of the circumstances surrounding the previous trial and determine upon what issue the trial court's finding was based. A person claiming estoppel has the burden of proving what issues were necessarily decided in his favor at the prior trial. *See Turley* v. *Wyrick*, 554 F.2d 840 (8th Cir. 1977), *cert. denied* 434 U.S. 1033 (1978).

The doctrine of collateral estoppel in criminal cases requires that the same issue must have been determined favorably to the accused in prior litigation between the same parties. *United States* v. *Friedman*, 506 F.2d 511 (8th Cir. 1974), *reh'g denied* 423 U.S. 885 (1975), citing *Ferina* v. *United States*, 340 F.2d 837 (8th Cir.), *cert. denied* 381 U.S. 902 (1965). Two factors must be present for collateral estoppel to bar a criminal prosecution: (1) both adjudicatory entities must be arms of the same sovereign and (2) a factual issue essential to the first verdict must be an essential element of the second charge. *United States* v. *Kills Plenty*, 466 F.2d 240 (8th Cir. 1972), *cert. denied* 410 U.S. 916 (1973).

In *Dranow* v. *United States*, 307 F.2d 545 (8th Cir. 1962), the defendant appealed his convictions of mail fraud, wire fraud and bankruptcy offenses. As an officer of a bankrupt corporation, he allegedly used false statements of the financial condition of the

corporation in order to induce third parties to give the corporation credit. The defendant argued that the trial court erred in denying his motion to dismiss his indictment contending prosecution was barred by res judicata or collateral estoppel. A judgment of confirmation had been entered in a prior bankruptcy proceeding, and the defendant asserted on appeal that the litigated factual issues in the bankruptcy case and the issues in the criminal case were identical. The court held the prior bankruptcy proceeding could not be res judicata or an estoppel by judgment to the defendant's prosecution on the criminal charges because the parties' plaintiff in the two actions were neither the same nor in privity and the nature of the actions were entirely different. The court stated:

> There can be no doubt about the proposition that *res judicata* and collateral estoppel are applicable in a criminal action although a prior proceeding was civil in character. But that proposition has this qualification: that both actions are based upon the same facts and both have as their object, 'punishment'. Where the object of the prior civil action and subsequent criminal action is not 'punishment', *res judicata* is inapplicable.

There was no contention by the appellant nor do we find any support for the proposition that the object of the ADHS hearing was punishment.

The appellant's collateral estoppel argument fails because he has not provided this court with a record of the dependent-neglect proceeding. The ADHS named both Versalee and Joe Fariss as defendants. The ADHS's final order does not state if the allegations of sexual abuse specifically concerned the appellant, his wife or both, and the ADHS judgment made no specific finding with reference to incest. In appellant's oral argument, his attorney stated that he was precluded from making the ADHS hearing a part of the record before the trial judge. This is simply not borne out by the record.

The failure to bring up the ADHS record makes it impossible for us to ascertain the issues previously determined in the dependent-neglect proceeding, and the appellant fails to meet his burden of proof. We, therefore, hold that the trial court's

finding that the prior proceeding did not necessarily decide the issues raised in the subsequent incest prosecution was correct. Accordingly, the incest prosecution is not barred by the collateral estoppel rule of the double jeopardy clause.

Affirmed.