Kenneth FLETCHER *v.* STATE of Arkansas

CA CR 95-475 920 S.W.2d 42

Court of Appeals of Arkansas
Division I
Opinion delivered April 24, 1996

*Lea Ellen Fowler O'Kelley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Deputy Att'y Gen. and Sr. Appellate Advocate, for appellee.

JOHN B. ROBBINS, Judge. On January 8, 1992, a felony information was filed against appellant Kenneth Fletcher in Pulaski County Circuit Court, charging him with incest and rape. The information alleged that, over a period from May 12, 1985, until December 31, 1989, Mr. Fletcher engaged in sexual intercourse or deviate sexual activity with his adopted daughter. Pursuant to a plea arrangement, Mr. Fletcher pleaded guilty to incest and was sentenced on March 13, 1992, to ten years in the Arkansas Department of Correction.

On April 13, 1992, Mr. Fletcher was charged with four counts of incest in Lonoke Circuit Court. The information alleged that he engaged in sexual intercourse or deviate sexual activity with his adopted daughter on May 12, May 26, June 27 and November 19 of 1989. Mr. Fletcher moved to dismiss the charges, arguing that the Lonoke County charges were barred by former jeopardy because of his guilty plea and sentence in Pulaski County for con-

duct that occurred during the same time period. The Lonoke County Circuit Court denied Mr. Fletcher's motion to dismiss, and after a bench trial, he was found guilty of incest and sentenced to ten years imprisonment on each of the four counts. These sentences were to run concurrent, but consecutive to the ten-year sentence he received in the Pulaski County conviction.

Mr. Fletcher now appeals his convictions from Lonoke County. For reversal, he argues that the trial court erred in denying his motion to dismiss. Specifically, Mr. Fletcher contends that the Lonoke County charges were barred by double jeopardy, as well as the doctrines of collateral estoppel and res judicata. We find no error and affirm.

Prior to his conviction in Lonoke County Circuit Court, Mr. Fletcher agreed to certain stipulations. It was stipulated that he and the victim's mother were married in June 1975, and that the three lived together as a family until December 1989. Mr. Fletcher adopted his wife's daughter and began making sexual advances toward her when she was nine years of age. When the victim was approximately fifteen years of age, Mr. Fletcher began having sexual intercourse with her on a repeated basis. This sexual activity occurred in Pulaski County for about two years before Mr. Fletcher moved his family to Lonoke County in November 1988. While in Lonoke County, Mr. Fletcher had further sexual relations with the victim, and several of these incidents were recorded on video tapes. The victim lived with Mr. Fletcher in Lonoke County until December 1989, and Mr. Fletcher admitted to having sexual intercourse with the victim on May 12, May 26, June 27, and November 19 of that year.

For his double jeopardy argument, Mr. Fletcher cites the Fifth Amendment of the United States Constitution and Article 2, section 8, of the Arkansas Constitution, both of which guarantee that no person shall be twice put in jeopardy of life or liberty for the same offense. He contends that the incest against his adopted daughter was a single continuing offense, which was committed over a period of years in both Pulaski and Lonoke Counties, and that his guilty plea in Pulaski County encompassed all of his incestuous activity. Arkansas Code Annotated section 16-88-108(c) (Repl. 1993) provides:

> (c) Where the offense is committed partly in one

> county and partly in another, or the acts, or effects thereof, requisite to the consummation of the offense occur in two (2) or more counties, the jurisdiction is in either county.

Mr. Fletcher argues that, because his crime was a continuing one and occurred in both counties, Pulaski County rightfully assumed jurisdiction pursuant to the above statute. He submits that double jeopardy considerations barred any further prosecution.

 In addressing Mr. Fletcher's double jeopardy argument, this court is aware of the fact that, pursuant to Ark. Code Ann. § 5-1-112(2) (Repl. 1993), a former prosecution resulting in a conviction is an affirmative defense to a subsequent prosecution for the same offense. We are also mindful of Ark. Code Ann. § 5-1-113(1)(B) (Repl. 1993), which provides that, after a conviction, a subsequent prosecution for a different offense is barred if the alleged offense was based on the same conduct giving rise to the conviction. However, in the instant case Mr. Fletcher's convictions in Lonoke County were not for the same offense committed in Pulaski County. Nor were the Lonoke offenses based on the same conduct for which he was convicted in Pulaski County. Therefore, we reject Mr. Fletcher's double jeopardy argument.

 Incest is defined by Ark. Code Ann. § 5-26-202 (Repl. 1993), which provides that "A person commits incest if, being sixteen (16) years of age or older, he purports to marry, has sexual intercourse with, or engages in deviate sexual activity with a person he knows to be...[a] stepchild or adopted child...." Contrary to Mr. Fletcher's contention that incest is an ongoing crime for which he can only be prosecuted once, a reading of the above statute indicates that one commits the crime of incest each time he engages in sexual intercourse with an adopted daughter. In *Smith* v. *State*, 296 Ark. 45, 757 S.W.2d 554 (1988), the supreme court held that, unless a statute defines criminal activity as a "continuing course of conduct," a person may be prosecuted under the statute more than once if the crime has been repeated over a period of time. The incest statute at issue has no provision suggesting that a person who violates the statute may be prosecuted only once because the crime involves a "continuing course of conduct." Similarly, the supreme court held that rape is not a continuing offense but rather a single crime, *see Tarry* v. *State*, 289 Ark. 193, 710 S.W.2d 202 (1986), and we find by analogy that this rule applies to incest. Therefore, Mr. Fletcher could be prosecuted for each offense that he admitted to

committing in Lonoke County, given that these were not the same offenses and did not relate to the conduct for which he was convicted in Pulaski County.

■ Mr. Fletcher makes much of the fact that, in Pulaski County, he was charged with committing incest through December 1989, at which time the victim resided with him in Lonoke County. He asserts that, as such, he was under the assumption that his guilty plea in Pulaski County must have covered any and all incestuous activity. We disagree because the Pulaski County information charged Mr. Fletcher with committing incest "in Pulaski County," and he pleaded guilty to this charge. Indeed, Mr. Fletcher stipulated before the Lonoke County Circuit Court that he had engaged in sexual intercourse with the victim in Pulaski County before moving to Lonoke County. In addition, he acknowledged that he had sex with her in Lonoke County on four specific occasions. Because incest is not a continuing crime for which only one charge can be brought, Pulaski County Circuit Court had no jurisdiction over these four counts. Rather, these charges were for separate offenses committed in Lonoke County, and Lonoke County Circuit Court properly exercised its jurisdiction.

■ Mr. Fletcher's remaining argument is that the trial court erred in refusing to grant his motion to dismiss because the second prosecution was barred by collateral estoppel and res judicata. We agree with Mr. Fletcher's assertion that collateral estoppel and res judicata apply to criminal proceedings. *See Fariss* v. *State*, 303 Ark. 541, 798 S.W.2d 103 (1990). However, in the instant case the issues and claims brought in Lonoke County were entirely independent of the issues and claims decided in the Pulaski County proceedings. The Pulaski County case involved acts of incest committed in that county; the Lonoke County case pertained to four specific offenses which occurred in Lonoke County. For this reason, Mr. Fletcher's final argument fails.

Affirmed.

COOPER and STROUD, JJ., agree.