Danny Lee HILL *v.* STATE of Arkansas

CA CR 98–830                               985 S.W.2d 342

Court of Appeals of Arkansas
Division II
Opinion delivered February 17, 1999

*Penix & Taylor,* by: *Stephen L. Taylor,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Kelly S. Terry,* Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this probation revocation case pled guilty to certain offenses in 1995 and was placed on probation for six years on various conditions, including that he refrain from violating any city, state, or federal laws and that he pay court-ordered fines. The State subsequently moved to revoke appellant's probation on the ground that he was arrested for driving while intoxicated on October 31, 1997. However, at the hearing, the trial court allowed evidence of many different violations on many different dates over appellant's objection. These other violations included nonpayment of fines and three other DWI convictions. Ultimately, the trial court did not revoke based on the DWI alleged in the petition to revoke, presumably because evidence of that offense was tainted by failure to give *Miranda* warnings. Instead, appellant's probation was revoked based on the failure to pay fines, the other DWI convictions, and two misdemeanors arising out of the incident on October 31, 1997.

For reversal, appellant contends that it was a denial of due process to permit evidence of probation violations not enumerated in the petition to revoke. We agree. Although in a revocation hearing a defendant is not entitled to the full panoply of rights that attend a criminal prosecution, he is entitled to due process. Because due process is a flexible concept, each particular situation must be examined in order to determine what procedures are constitutionally required. *Caswell v. State,* 63 Ark. App. 59, 973 S.W.2d 832 (1998). Here, the record shows that, over appellant's objection to lack of notice, the State was permitted to introduce evidence of violations not enumerated in the petition to revoke, including nonpayment of fines and three other DWI convictions. The record also shows that the trial judge declined to

revoke appellant's probation on the basis of the violation specified in the petition to revoke, but instead revoked appellant's probation on the basis of violations and incidents not mentioned in the petition to revoke. We hold that this procedure was fundamentally unfair, because a defendant cannot properly prepare for the hearing without knowing in advance what charges of misconduct are to be investigated as a basis for the proposed revocation of the probation. *Hawkins v. State*, 251 Ark. 955, 475 S.W.2d 887 (1972). As we said in *Robinson v. State*, 14 Ark. App. 38, 44, 684 S.W.2d 824, 827 (1985):

> It is the State's burden to properly notify the appellant regarding the basis upon which it seeks to revoke his suspension, and this Court is unable to relieve the State of that burden by requiring the appellant to present a "last minute" defense to a charge which could have been duly set forth in the State's revocation petition. This is especially true, when as here, the trial court had already expressed in unqualified terms its position that appellant did not have to be charged with battery in order for it to revoke his suspension. Without due notice by the State of its basis for seeking to revoke suspension, a defendant is left to speculate upon what charges might emanate from the State's evidence on the day of the revocation hearing. Procedural due process cannot be met by allowing the State to proceed in the fashion it suggests.

Reversed and remanded.

HART and NEAL, JJ., agree.