Danny Lee HILL *v.* STATE of Arkansas

CR 99-959                                  16 S.W.3d 539

Supreme Court of Arkansas
Opinion delivered May 4, 2000

*William A. Storey,* Judge;

*Penix and Taylor,* by: *Stephen L. Taylor,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Michael C. Angel,* Ass't Att'y Gen., for appellee.

W<span>H. "DUB" ARNOLD, Chief Justice. The Court of</span> Appeals certified this matter for us to consider whether the doctrine of *res judicata* applies to probation-revocation proceedings, particularly where a prior revocation was reversed on appeal for denial of due process. Our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(b)(1), (5) (1999), because the case presents an issue of first impression and a significant issue needing development or clarification of the law. Under the instant facts, where (1) appellant failed to timely object to the State's amendment of its revocation petition, (2) appellant failed to timely object to the trial court's failure to follow the appellate court's mandate on remand, and (3) the prior reversal did not result in a judgment on the merits, we hold that *res judicata* does not apply. Accordingly, we affirm the circuit court's judgment revoking appellant's probation.

### Background

In May of 1995, appellant, Danny Lee Hill, pled guilty to felony terroristic threatening and was placed on probation for six years with certain conditions of supervised probation, including that he refrain from the violation of any city, state, or federal laws and that he pay court-ordered fines. On March 12, 1998, the State filed a motion to revoke appellant's probation on the ground that he violated the terms of his probation when he was arrested for driving while intoxicated on October 31, 1997. Significantly, at the revocation hearing on April 1, 1998, the trial court permitted the State to introduce evidence of probation violations not enumerated in its petition, including nonpayment of fines and three other DWI convictions. Appellant objected to the introduction of the additional evidence on the basis that he was denied due process, specifically,

lack of notice. After considering the evidence outside the State's petition, the trial court revoked appellant's probation.

Subsequently, Hill appealed the decision to the Court of Appeals, which reversed the revocation and remanded the case to the trial court for further proceedings. *Hill v. State*, 65 Ark. App. 131, 985 S.W.2d 342 (1999). Notably, the record before the appellate court demonstrated that the trial court's decision to revoke appellant's probation was based upon the violations and incidents not enumerated in the petition rather than upon the stated DWI offense. *Hill*, 65 Ark. App. at 132-33, 985 S.W.2d at 342-43. In fact, the trial court rejected the October 31, 1997, DWI offense as a basis for revocation because evidence of that offense was tainted by failure to give *Miranda* warnings. *Hill*, 65 Ark. App. at 132, 985 S.W.2d at 342.

On remand, the State filed an amended motion for revocation on April 9, 1999, alleging that the three DWI convictions and the failure to pay court fines, erroneously introduced into evidence at the first revocation hearing, constituted violations of appellant's probation conditions. In light of the prior revocation hearing, the State eliminated any reference to the October 31, 1997, DWI arrest. Following a hearing on May 6, 1999, the trial court again revoked appellant's probation and sentenced him to six years' imprisonment in the Arkansas Department of Correction on the felony-terroristic-threatening charge and a year each on two related misdemeanors, with three years suspended. From that decision comes the instant appeal.

*I. Failure to abstract May 5, 1995, judgment*

Before addressing the merits of appellant's argument, the State contends that Hill's claim is procedurally barred because he failed to abstract the trial court's May 5, 1995, judgment following his initial guilty plea. The State suggests that the judgment, which underlies the trial court's ultimate decision to revoke Hill's probation, is essential to our review. In response, Hill claims that the judgment actually appealed from is not the May 1995 order but the May 6, 1999, judgment revoking his probation a second time. Similarly, Hill acknowledges that in his first appeal, the judgment appealed from was the April 1, 1998, decision revoking his probation. Signif-

icantly, both of these judgments appear in appellant's addendum in compliance with Ark. R. Sup. Ct. 4-2(a)(8).

We agree with appellant that the May 5, 1995, judgment is not critical to our appellate review. Ark. R. Sup. Ct. 4-2(a)(6) requires an appellant to abstract:

> *only* such material parts of the pleadings, proceedings, facts, documents, and other matters *in the record* as are *necessary* to an understanding of all questions presented to the Court for decision.

(Emphasis added.) First, the May 1995 judgment is not "necessary" to our understanding of the question presented in this appeal. Although the State cites *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996), in support of its position that the judgment is necessary to our understanding of the issues on appeal, *Wallace* is distinguishable. In *Wallace* the court was unable to resolve an issue on appeal because it was unclear whether the original conviction was for one count or two, or for a misdemeanor or a felony, and the judgment in the record was illegible. *Wallace*, 326 Ark. at 381, 931 S.W.2d at 116. Therefore, the failure to abstract a material judgment warranted our finding that the abstract was flagrantly deficient. *Id.* Without the abstract of the judgment, the court could not decide the issue in *Wallace*. *Id.*

In the instant case, the absence of the May 5, 1995, judgment does not preclude our consideration of the merits of Hill's argument that the trial court erred by permitting the State to amend its revocation petition. Second, the abstracting requirement applies only to "matters in the record." Here, the May 5, 1995, judgment was not placed in the record, and its absence indicates that the State, not appellant, failed to introduce the judgment at trial. In sum, we reject the State's argument that Hill's abstract is deficient and that his claim is procedurally barred.

## II. Amended revocation petition

Appellant's sole point on appeal challenges the trial court's decision permitting the State to amend its revocation petition by resubmitting evidence of probation violations that the appellate court determined were improperly introduced in appellant's first revocation hearing. Hill makes two distinct arguments in support of

his position. First, he claims that the trial court failed to follow the appellate court's mandate reversing and remanding the case for "proceedings according to law and not inconsistent with the opinion of the Court." Second, Hill asserts that the doctrine of *res judicata* barred the State's amendment.

## A. Mandate on remand

Hill cites *Ferguson v. Green*, 266 Ark. 556, 587 S.W.2d 18 (1979), to establish that the trial court erred on remand by permitting the State to amend its revocation petition. We explained in *Ferguson* that when a judgment is reversed for error in the proceedings and remanded for proceedings "according to law and not inconsistent with the opinion of the court," we are not reversing or vacating the trial court proceedings that occurred prior to the stated error. *Ferguson*, 266 Ark. at 568, 587 S.W.2d at 25-26. Instead, we intend for the trial court to progress the cause anew from the point that the error was adjudicated. *Id.* Simply, the trial court should resume the proceedings from the point at which the reversible error occurred.

According to the appellate court's decision in *Hill v. State*, 65 Ark. App. 131, 985 S.W.2d 342 (1999), reversible error occurred when Hill was denied due process at the point when the State was permitted to introduce evidence of probation violations not enumerated in the petition to revoke. *Hill*, 65 Ark. App. at 132, 985 S.W.2d at 342. Thus, the reversible error occurred after the original petition was filed and at the point when the additional violations were introduced into evidence and Hill objected to the lack of notice.

Although Hill now argues that the trial court erred on remand by revisiting the State's petition and permitting amendment, he failed to make a timely objection at the May 6, 1999, hearing. In fact, the trial court provided appellant's counsel with the opportunity to be heard at the beginning of the hearing. Rather than objecting to the State's amended petition or addressing the scope of the appellate court's mandate, counsel stated that he was ready to proceed. Moreover, Hill failed to object to the amended petition when it was filed by the State on April 9, 1999, approximately one month before the revocation hearing. The State correctly notes that

Hill objected only to the introduction of the three DWI convictions as evidence but not to their inclusion in the petition.

■ It is well settled that an appellant may not change the grounds for objection on appeal but is limited by the scope and nature of his objections and arguments presented at trial. *Ayers v. State*, 334 Ark. 258, 264, 975 S.W.2d 88, 91 (1998). The supreme court cannot consider arguments raised for the first time on appeal. *Wallace v. State*, 326 Ark. 376, 379, 931 S.W.2d 113, 115 (1996). Hill's failure to preserve his argument by timely objections constitutes a waiver and precludes our appellate review.

### B. Res judicata

■ The second prong of appellant's argument is that *res judicata* prohibits the State from seeking a subsequent revocation on the basis of violations not enumerated in its prior petition. Essentially, Hill asserts that the trial court erred by permitting the State to amend its petition by adding violations that it could have pled in its initial motion. *Res judicata*, or claim preclusion, bars the relitigation of a subsequent suit when (1) the first suit resulted in a judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) the first suit was fully contested in good faith; (4) both suits involved the same claim or cause of action which was litigated or could have been litigated but was not; and (5) both suits involved the same parties or their privies. *Fariss v. State*, 303 Ark. 541, 544, 798 S.W.2d 103, 104 (1990). If applied in this context, *res judicata* would prevent the State from raising any issue in the second revocation hearing that it could, but did not, raise at the first hearing. Consequently, the State's decision to enumerate only the October 31, 1997, DWI offense, in the first petition would bar it from citing additional offenses in an amended petition.

However, an initial prerequisite to applying *res judicata* is that the first suit resulted in a judgment on the merits. An illustrative case aptly presents this principle. In *Lincoln v. State*, 287 Ark. 16, 696 S.W.2d 316 (1985), this court considered Lincoln's second appeal from his conviction for attempted first-degree murder. Previously, the Court of Appeals reversed his conviction following his first appeal. *See Lincoln v. State*, 12 Ark. App. 46, 670 S.W.2d 819 (1984). In discussing the background of Lincoln's case, we noted

that before the first trial, the trial court refused the State's request to amend the information to allege prior convictions because it was filed " 'too close to trial for the defense to be prepared.' " *Lincoln*, 287 Ark. at 17, 696 S.W.2d at 317. However, on retrial, the State again asked to amend the information to allege three prior convictions. *Id.* This time, the trial court granted the State's request. *Id.*

In his second appeal, Lincoln, like Hill, argued that *res judicata* prevented the State's subsequent amendment of the information because the trial court's earlier decision controlled the issue on retrial. *Lincoln*, 287 Ark. at 17, 696 S.W.2d at 317. In holding that the doctrine of *res judicata* did not apply, we acknowledged that the factual basis of the trial court's decision, *i.e.*, the timeliness of the proposed amendment, was no longer a factor in the later trial. *Id.* Moreover, we observed that the amendment was not denied at the first trial because it was wrong, or illegal, but simply because it was untimely. *Id.*

Here, the appellate court reversed Hill's first probation revocation because he was denied due process. *Hill*, 65 Ark. App. at 132, 985 S.W.2d at 342 (1999). The court remarked that the State's failure to timely notify Hill of its basis for the proposed revocation was fundamentally unfair because Hill could not properly prepare for the hearing without knowing in advance what charges of misconduct were to be investigated. *Hill*, 65 Ark. App. at 133, 985 S.W.2d at 343 (1999). In short, the revocation was reversed on appeal simply because the State's introduction of the additional violations was untimely. *Id.* Given our holding in *Lincoln*, we conclude that the reversal on due-process grounds was not a final judgment on the merits, and *res judicata* does not apply. Accordingly, we affirm the trial court's May 6, 1999, judgment revoking appellant's probation.