2009 Ark. App. 528

**John Devin SMITH, Appellant,**

v.

**STATE of Arkansas, Appellee.**

**No. CA CR 08–1479.**

Court of Appeals of Arkansas.

July 1, 2009.

Joseph P. Mazzanti, III, Lake Village, for appellant.

No response.

M. MICHAEL KINARD, Judge.

Appellant, John Devin Smith, pled guilty to charges of financial identity fraud and

theft of property in 2006. As a result, he was placed on probation for sixty months. On February 29, 2008, the State filed a petition to revoke appellant's probation. The State alleged that he violated the terms of his probation by committing the following offenses: driving on a suspended license, operating a vehicle without a license plate, driving under the influence, possessing a controlled substance without a prescription, driving while intoxicated, and refusing to submit to arrest. The State also alleged that appellant failed to report to his probation officer, failed to pay his monthly probation supervision fee, failed to pay court costs, and failed to pay restitution as required under the terms of his probation.

At the revocation hearing, the State moved to enter into evidence a copy of a judgment from Saline County on a charge of failure to appear. Appellant objected to the admission of the judgment because the failure to appear charge was not listed in the revocation petition. The circuit court overruled appellant's objection and admitted the judgment.

At the revocation hearing, it was determined that appellant had been found guilty of failure to appear and driving on a suspended license on August 20, 2007. All of the other charges alleged in the revocation petition either had been dismissed or were still pending. Following the revocation hearing, the circuit court found that appellant inexcusably failed to comply with the terms of his probation by committing subsequent violations, including failure to appear, and by failing to pay restitution. The circuit court sentenced appellant to twelve months' imprisonment in the Regional Punishment Facility with an additional three years of suspended imposition of sentence to follow. Appellant filed a timely notice of appeal from the revocation.

Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Ark. Sup.Ct. R. 4–3(k), counsel for appellant has filed a brief and motion to withdraw arguing that there are no meritorious points for reversal. Included in the brief is an abstract of the revocation hearing, including all of the rulings adverse to appellant. Appellant was given the opportunity to file *pro se* points for reversal, but did not do so. Because appellant did not file any *pro se* points for reversal, the State elected not to file a brief.

Our review of the record reveals that the only ruling, other than the decision to revoke, that was adverse to appellant was the trial court's overruling of his objection to the admission into evidence of the copy of the judgment for failure to appear from Saline County. The failure to appear charge is not among those listed in the revocation petition. This court has previously held that it is a violation of a defendant's right to due process to revoke based on a violation that is not enumerated in the revocation petition. *See Hill v. State*, 65 Ark.App. 131, 133, 985 S.W.2d 342, 343 (1999) (citing *Robinson v. State*, 14 Ark.App. 38, 44, 684 S.W.2d 824, 827 (1985)). Although this may be a valid point of error by the trial court, it is not a valid point for reversal, because the point does not address the second ground for revocation, which was the failure to pay restitution. The State is only required to prove one of the grounds contained in the revocation petition. *Phillips v. State*, 101 Ark.App. 190, 192, 272 S.W.3d 123, 125 (2008).

Regarding the failure to pay restitution, appellant admitted at the hearing that he had not paid restitution, despite the fact that he had sufficient funds to post bail and hire an attorney to represent him on one of the criminal charges listed in the

revocation petition. If a circuit court places a criminal defendant on probation or imposes a suspended imposition of sentence for an offense and orders that the defendant pay restitution to the victims of the offense, the failure to pay that restitution is by itself a valid grounds for revocation. *See* Ark.Code Ann. § 5–4–303(h)(2)(B)(ii) (Repl.2006). We hold that counsel for appellant has ⌊4complied with Rule 4–3(k). We affirm the revocation of appellant's probation and grant counsel for appellant's motion to withdraw.

Affirmed; motion to withdraw granted.

HENRY and BAKER, JJ., agree.