Cite as 2024 Ark. App. 106

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-23-291

| | | |
|---|---|---|
| CARL RORIE | | Opinion Delivered February 14, 2024 |
| | APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-14-610] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE CHRIS THYER, JUDGE |
| | APPELLEE | AFFIRMED |

**WENDY SCHOLTENS WOOD, Judge**

Carl Rorie appeals the Craighead County Circuit Court's sentencing order revoking his probation and sentencing him to six years' imprisonment.[1] On appeal, Rorie argues that the evidence was insufficient to support revocation. We affirm.

In December 2014, Rorie pled guilty to aggravated assault on a family or household member and was sentenced to thirty-six months' probation. His probation was revoked in a sentencing order entered on June 25, 2018, and he was again sentenced on the underlying felony, this time to sixty months' probation. The terms of probation included the requirements that Rorie not commit a criminal offense punishable by imprisonment; use, sell, distribute, or possess any controlled substance; and associate with anyone who is

---

[1]This is a companion case to *Rorie v. State*, 2024 Ark. App. 107, an appeal from the revocation of Rorie's probation in case No. 16JCR-17-518, also handed down today. The circuit court held one revocation hearing on the State's petitions in both cases.

participating in the illegal use, sale, distribution, or possession of controlled substances. On October 11, 2022, the State petitioned to revoke Rorie's probation, alleging that he had violated the terms and conditions of his probation by violating federal, state, or municipal laws—specifically, by possessing methamphetamine with purpose to deliver in violation of Arkansas Code Annotated section 5-64-420 (Supp. 2023) and by possessing hydrocodone with purpose to deliver in violation of Arkansas Code Annotated section 5-64-424 (Supp. 2023).

The circuit court held a hearing on January 12, 2023. The State presented testimony from Officer Michael Starnes of the Jonesboro Police Department, who said that he went to Rorie's residence to conduct a probation search on September 3, 2022, after receiving multiple reports that Rorie had been selling drugs. Officer Starnes told Donnie Brown, who answered the door, that he was looking for Rorie, and Brown took him to Rorie's bedroom. He testified that a man and a woman were in the bedroom with Rorie and that the woman was smoking methamphetamine from a glass pipe. Officer Starnes said he conducted a search of the bedroom and discovered a safe, which he said that Rorie told him how to open with a key on Rorie's keychain. The officer found 29.2 grams of methamphetamine, multiple bags of marijuana, numerous pills later determined to be hydrocodone, and several Schedule IV controlled substances in the safe. In addition, Officer Starnes found a bag of methamphetamine in an Altoids tin and a glass pipe containing what appeared to be methamphetamine on a table near where Rorie was sitting. Officer Starnes said that Rorie told him to lock his bedroom when he finished the search.

Rorie testified that he was in his bedroom with two friends, Doug Jamison and Judy Bell, when Officer Starnes entered. He testified that he owned the safe and that Officer Starnes retrieved the keys to the safe from Rorie's pants pocket. He said that Bell was smoking methamphetamine when Officer Starnes arrived, and Rorie admitted that he is an addict, was high when Officer Starnes arrived, and had been using methamphetamine earlier that day. Rorie claimed that his roommate, his girlfriend, and an acquaintance also had access to, and stored things in, his safe. He said that the pills in the safe belonged to his girlfriend and that the methamphetamine in the Altoids tin belonged to Bell.

At the conclusion of the hearing, the circuit court stated that it did not "need" to rely on the testimony of Officer Starnes because Rorie's testimony alone was sufficient to demonstrate that he had violated the terms and conditions of his probation. The court found specifically that Rorie had violated the terms and conditions by being present in the room where Bell was smoking methamphetamine and by admitting that he was high and had already used methamphetamine earlier in the day.

The State then called Rorie's probation officer to testify at the sentencing portion of the revocation hearing about Rorie's continual failure to report. Thereafter, the circuit court orally sentenced Rorie to six years' imprisonment. On January 12, 2023, the court entered a sentencing order revoking Rorie's probation, and Rorie filed this appeal.

In order to revoke probation, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably violated a condition of the probation. Ark. Code Ann. § 16-93-308(d) (Supp. 2023). Thus, to sustain a revocation, the State need only show

3

that the defendant committed one violation. *Prackett v. State*, 2014 Ark. App. 394, at 2. We will not reverse a circuit court's finding on appeal unless it is clearly against the preponderance of the evidence. *Id.* Because the preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the superior position of the circuit court to decide these matters. *King v. State*, 2018 Ark. App. 278, at 4, 549 S.W.3d 407, 409.

On appeal, Rorie argues that there was insufficient evidence to demonstrate that he possessed, either constructively or actually, the drugs found in his bedroom. Because the court did not make findings regarding Rorie's possession of the drugs but instead found that he had violated the conditions of his probation that prohibited him from using a controlled substance or associating with anyone who is using a controlled substance, we need not address the merits of his argument. As the circuit court found, Rorie's own testimony constitutes sufficient evidence that he violated the conditions of his probation by using methamphetamine and associating with Bell, who possessed and used methamphetamine in his presence.

We recognize that the petition for revocation did not allege a violation of these conditions and that due process requires that Rorie be given notice of the conditions he was alleged to have violated. *See Hill v. State*, 65 Ark. App. 131, 985 S.W.2d 342 (1999) (probationer's due-process rights were violated when his probation was revoked on the basis of evidence of probation violations not enumerated in the petition to revoke). However, the denial of any right, even a constitutional one, must be objected to at trial to be preserved for

4

appeal. *Wilder v. State*, 2021 Ark. App. 131, at 4–5 (affirming the revocation on violations not contained in the State's petition to revoke because Wilder failed to object on that basis in the circuit court). Because Rorie did not object when the circuit court announced its findings in open court, no due-process argument is preserved for appeal.

We hold that there was sufficient evidence to support the revocation, and we affirm.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Terry Goodwin Jones*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.