Cite as 2024 Ark. App. 244

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-23-272

| | | |
|---|---|---|
| | | **Opinion Delivered** April 10, 2024 |
| JAMES MCELROY | | APPEAL FROM THE HOWARD |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 31CR-19-91] |
| V. | | |
| | | HONORABLE TOM COOPER, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

**KENNETH S. HIXSON, Judge**

Appellant James O. McElroy appeals after the Howard County Circuit Court revoked his suspended imposition of sentence (SIS) and sentenced him to serve eighty-four months' imprisonment. Appellant argues on appeal that the circuit court erred in revoking his SIS because (1) State failed to introduce or show that he had received the written terms and conditions of his SIS at the revocation hearing, and (2) the State failed to provide him notice of the violation alleged in the petition for revocation. We affirm.

## I. *Relevant Facts*

In his 2004 divorce proceedings, appellant was ordered to pay $50 a week in child support. By 2019, appellant was behind $20,710.60 in payments, and the State charged him by criminal information on August 19, 2019, with nonsupport, a Class C felony, because appellant owed more than $10,000 but less than $25,000 in past-due child support in

violation of Arkansas Code Annotated section 5-26-401 (Repl. 2013).  After he failed to appear for a pretrial hearing, the circuit court revoked appellant's bond and issued a warrant for his arrest.  When law enforcement initiated a traffic stop in order to arrest him, appellant fled the stop and led law enforcement on a high-speed chase.  This resulted in a new criminal case, case number 31CR-20-41, in which the State charged appellant in relevant part with fleeing.

On June 24, 2020, appellant pleaded no contest to the charges of nonsupport and fleeing in both cases.  The circuit court imposed consecutive sentences of three years' imprisonment for fleeing and ten years' suspended imposition of sentence for nonsupport.  In the sentencing order in this case for nonsupport, appellant was ordered to pay restitution of $22,233.16.

On October 12, 2022, the State filed a petition to revoke appellant's SIS.  In the report and recommendation to revoke that was attached to the petition, it was alleged that appellant had violated the terms and conditions of his SIS by committing "an offense against the laws of this, or any other State, or the United States."  It more specifically explained that appellant had committed the offense of forgery on May 18, 2022, when he tried to pass a fake $100 bill at a gas station to pay for his gas.  A revocation hearing was held on February 16, 2023.

The manager of the Murphy USA gas station, Glenda Mowery, testified that on December 10, 2020, one of her cashiers called her in to verify a counterfeit $100 bill that appellant had given her in payment.  Ms. Mowery stated that the bill had the words "For

2

motion picture purposes" printed on the front of it. Appellant was still in the store when Ms. Mowery determined that the bill was counterfeit. Although appellant asked for the bill to be returned to him, Ms. Mowery followed company policy, which was to keep the counterfeit bill and call law enforcement. After Ms. Mowery refused to give appellant the counterfeit bill back, appellant left the store. Ms. Mowery called law enforcement and gave Officer Michael Barnes the store's surveillance footage and details about the Murphy USA rewards number appellant used during the transaction.

Officer Barnes testified that he investigated the case and reviewed the surveillance footage and details provided by Ms. Mowery. He confirmed that he saw appellant in the surveillance footage.

Megan Scroggins, a probation and parole officer, testified that she was contacted by Officer Barnes regarding the incident at the gas station. She explained that appellant had been sentenced to imprisonment in another case and was released on parole. She also acknowledged that appellant was sentenced to an SIS in this case. Ms. Scroggins testified that appellant was provided a "Standard Conditions of Release" document, which reflected conditions applicable both to his parole and his suspended sentence. She further testified that the document included a condition that appellant not violate another law of the State of Arkansas. Those conditions were admitted into evidence without objection as exhibit 2.

Ashanti Burris, another probation and parole officer, testified that she went over the terms and conditions when appellant was released from the Arkansas Division of Correction (ADC) on the other case on February 1, 2021. Ms. Burris stated that she had advised

appellant that the conditions in exhibit 2 were conditions of his release from ADC as well as conditions of his SIS. She further stated that one of those conditions included that appellant "obey all Federal and State laws, local ordinances and court orders." Appellant signed that document, acknowledging that he had received a copy of it.

Appellant testified that the incident at the gas station was simply a misunderstanding and that he accidentally handed the clerk a fake bill. Appellant explained that he used fake money to make "decorative license plates." He maintained that after the clerk did not give him the bill back, he used a real $20 bill, pumped his gas, and left.

The circuit court found that appellant had knowingly violated the terms and conditions of his SIS and sentenced him to serve seven years' imprisonment. This appeal followed.

## II. *Terms and Conditions of SIS*

A challenge to the sufficiency of the evidence may be raised for the first time in an appeal of a revocation in the absence of a motion for a directed verdict or motion to dismiss. *See Barbee v. State*, 346 Ark. 185, 56 S.W.3d 370 (2001). In a revocation proceeding, the circuit court must find by a preponderance of the evidence that the defendant has inexcusably failed to comply with a condition of his or her suspension or probation, and on appellate review, we do not reverse the circuit court's decision unless it is clearly against the preponderance of the evidence. *Flemons v. State*, 2014 Ark. App. 131; Ark. Code Ann. § 16-93-308(d) (Supp. 2021). Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation.

4

*Bradley v. State*, 347 Ark. 518, 65 S.W.3d 874 (2002). Since determination of a preponderance of the evidence turns on questions of credibility and weight to be given testimony, we defer to the circuit court's superior position. *Id.* Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Peals v. State*, 2015 Ark. App. 1, 453 S.W.3d 151.

Appellant first contends on appeal that the State failed to introduce or show that he received the written terms and conditions of his SIS at the revocation hearing. He claims that the only condition of his SIS was for him to pay child support since the court orally told him at his plea hearing that he would be ordered to pay his child support as directed after he was released. He explains that in the absence of the court providing him written terms and conditions that included a "good behavior" condition, his revocation must be reversed. Although he acknowledges that the "Standard Conditions of Release," which included the term that he "must obey all Federal and State laws, local ordinances and court orders," was introduced at the revocation hearing, he argues for the first time on appeal that those terms were not applicable to this case or that they were somehow invalid because they failed to also include the specific term that he pay his child support as announced at the plea hearing. Therefore, he argues that because there was no evidence that he failed to pay child support as directed, the circuit court could not revoke his SIS.

The State argues that appellant's arguments are not preserved, and we agree. Appellant couches his argument as a challenge to the sufficiency of the evidence, which is an argument that may be raised for the first time on appeal. *See Barbee*, 346 Ark. 185, 56 S.W.3d

5

370. This court, however, has held that an argument that the State failed to introduce a copy of the terms and conditions of probation or a suspended sentence is a procedural objection that must be raised before the circuit court. *Workman v. State*, 2022 Ark. App. 74, 640 S.W.3d 434; *Butry-Weston v. State*, 2021 Ark. App. 51, 616 S.W.3d 685; *Myers v. State*, 2014 Ark. App. 720, 451 S.W.3d 588. Here, appellant never objected at the hearing when the State introduced the "Standard Conditions of Release" or objected that the State failed to introduce the terms and conditions applicable to his SIS. Therefore, appellant's argument that the State's failure to introduce the written terms and conditions of his SIS is not preserved for review. *See Griffith v. State*, 2023 Ark. App. 406.

In his reply brief, appellant asserts that he is making a sufficiency argument and is not making a "procedural argument." He explains that the condition he was found to have violated "was never communicated to [him] in connection with his suspended sentence." However, again, we have held that whether there is proof that a defendant received written terms and conditions of probation or a suspended sentence is a procedural matter and not one of the sufficiency of the evidence. *Green v. State*, 2023 Ark. App. 199. As such, because appellant did not object on this basis at his revocation hearing, his argument is not preserved for appeal. *Id.* Appellant does not otherwise challenge the sufficiency of the evidence that he inexcusably violated the terms and conditions of his SIS when he committed the offense of forgery. Accordingly, we must affirm.

III. *Notice*

Finally, appellant argues that his fundamental right to due process was violated because the petition for revocation did not adequately provide him notice of the condition he was alleged to have violated as required under Arkansas Code Annotated section 16-93-307(b)(3)(C) (Repl. 2016). Under section 16-93-307(b)(3), a defendant must receive prior written notice of the time and place of the revocation hearing, the purpose of the revocation hearing, and the condition of suspension or probation the defendant is alleged to have violated. *See Egziabher v. State*, 2023 Ark. App. 225, 665 S.W.3d 275. However, unlike *Egziabher*, appellant failed to raise any statutory or due-process objection before the circuit court. The State correctly responds that this court has previously held that either a statutory or due-process lack-of-notice claim must be raised below to be entertained on appeal. *See Johnson v. State*, 2011 Ark. App. 590 (holding that Johnson's argument that he was not given prior notice of the conditions of probation that he was alleged to have violated was not preserved because Johnson failed to first raise the issue with the circuit court); *Pratt v. State*, 2011 Ark. App. 185 (holding that Pratt waived any due-process argument to a violation that was not alleged in the revocation petition when Pratt neither objected to the admission of the evidence on this offense nor complained when the circuit court expressly based its decision to revoke upon the proof of that offense). As such, appellant's argument on this issue is not preserved. Accordingly, we affirm.

Affirmed.

ABRAMSON and GRUBER, JJ., agree.

*Matt Kezhaya* and *Sonia Kezhaya*, for appellant.

7

*Tim Griffin*, Att'y Gen., by: *Christian Harris*, Sr. Ass't Att'y Gen., for appellee.