Cite as 2026 Ark. App. 257

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-25-505

|  |  |  |
|---|---|---|
| | | Opinion Delivered April 29, 2026 |
| LAZERRICK BLACK | | APPEAL FROM THE ASHLEY |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [NO. 02CR-22-102] |
| V. | | |
| | | HONORABLE CREWS PURYEAR, |
| STATE OF ARKANSAS | | JUDGE |
| | APPELLEE | AFFIRMED |

**BART F. VIRDEN, Judge**

The Ashley County Circuit Court revoked appellant Lazerrick Black's suspended sentence and sentenced him to six years' imprisonment in connection with his 2022 conviction for aggravated assault on a law enforcement officer. Black argues on appeal that there was insufficient evidence that he violated the terms and conditions of his suspended sentence. We affirm.

## I. *Background*

In September 2022, Black pleaded guilty to aggravated assault on a law enforcement officer, and he was placed on a six-year suspended imposition of sentence (SIS). One condition of his SIS included that he would not commit any felony, misdemeanor, or other criminal offense punishable by confinement in jail or prison. In December 2024, the State filed a petition to revoke Black's SIS alleging that he had committed criminal trespass on or

about November 27, 2024. In February 2025, the State amended its petition to add that Black had committed aggravated assault on a law enforcement officer on or about January 6, 2025, and arson on or about January 8, 2025.

At the revocation hearing, Carrie Grey, jail administrator at the McGehee Police Department, testified that Black was an inmate at the facility. She explained that the jail cells have telephones in them and that Black was in a locked cell by himself. She said that during cell check, an employee saw smoke coming from Black's cell. Grey stated that the telephone in Black's cell had been manipulated such that it had caught fire. An exhibit was introduced showing that the cost of repairing or replacing the telephone was over $600. Pictures of the burned phone and burned material in the cell's sink were also admitted.

Kalia Kimmey testified that in early January 2025—she believed it was January 1 or 2—she was employed at the McGehee Police Department and encountered Black as an inmate during her duties at the facility. She said that Black had told another inmate to shut up and then asked her for ibuprofen but had referred to her as "a bitch." She said that she would get him something when he calmed down. Kimmey testified that Black replied that he would rape and kill her. Kimmey further testified that, when she went to pull down the screen on the window of Black's cell door, Black scooped up a combination of urine, water, feces, and toilet paper and threw it under the door, hitting her shoes. Kimmey said that Black then threw the wastewater over the door and that it "rained down" on her hair, face, and jacket. She testified that what was thrown on her smelled like urine and feces. A video was played showing Kimmey wiping something from her head and face.

2

Grey was re-called to the stand and said that Black had been in the cell for twenty-four hours before smoke started coming from the cell and that there was nothing wrong with the telephone before he was placed in the cell. She stated that she believed Black had removed the telephone from the wall and crossed its wires to start a fire. Grey admitted, however, that no matches or lighter were found in the cell. She testified that Black made a remark about burning something but that she did not want to say the curse word he had used. A video was played showing Black being removed from the cell. In its ruling, the trial court said that it heard Black plainly state in the video that "[Black] burnt this M-F'er."

At the conclusion of the hearing, the trial court found that the State had proved Black violated the terms and conditions of his SIS by committing aggravated assault on a law enforcement officer, terroristic threatening,[1] and arson.

## II. *Standard of Review*

In a revocation proceeding, the trial court must find by a preponderance of the evidence that the appellant has inexcusably failed to comply with a condition of his suspension or probation, and on appellate review, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *McElroy v. State*, 2024 Ark. App. 244. Because the burdens are different, evidence that is insufficient for a criminal conviction may be sufficient for a probation or suspended-sentence revocation. *Id.* Given that the preponderance of the evidence turns on questions of credibility and weight to be

---

[1]An incident report attached to the State's amended petition to revoke stated that Black committed terroristic threatening against Kimmey in addition to aggravated assault.

given testimony, we defer to the superior position of the trial court to decide these matters. *Linton v. State*, 2025 Ark. App. 497, 724 S.W.3d 673. Furthermore, the State need only prove that the appellant committed one violation of the conditions in order to revoke appellant's sentence. *Id.*

### III. *Discussion*

The trial court found that Black had violated a condition of his SIS by committing three separate offenses; however, Black does not challenge the sufficiency of the evidence supporting two of the three offenses. This court will affirm a revocation where the appellant fails to challenge the trial court's independent, alternative basis for revocation. *Ta v. State*, 2015 Ark. App. 220, 459 S.W.3d 325. Here, Kimmey testified that Black said he would rape and kill her when she did not bring him ibuprofen. Black did not object to this testimony and raised no objection when the trial court later found that he had violated a condition of his SIS by committing terroristic threatening.[2] The failure to object to the introduction of evidence on an unalleged violation or to the trial court's revocation on an unalleged violation waives such an argument on appeal. *Myatt v. State*, 2023 Ark. App. 66. In *Pratt v. State*, 2011 Ark. App. 185, at 2, we said that

> [w]hile [driving on a suspended license] was not pled in the State's petition [to revoke], appellant neither objected to the admission of the evidence on this offense nor complained when the trial court expressly based its decision to revoke upon the proof of that offense. Under these circumstances, appellant waived any due-process

---

[2]A person commits the offense of first-degree terroristic threatening if, with the purpose of terrorizing another person, the person threatens to cause death or serious physical injury. Ark. Code Ann. § 5-13-301(a)(1)(A) (Repl. 2024).

4

argument as to the use of the offense of driving on a suspended license . . . [and] the evidence and finding on this latter violation are sufficient to sustain the revocation[.]

Moreover, Black's first argument concerning the trial court's finding that he committed aggravated assault on a law enforcement officer[3] is not a challenge to the sufficiency of the evidence; rather, it is a due-process argument that is impermissibly being raised for the first time on appeal. *See, e.g., Pratt, supra.* Citing *Hill v. State*, 65 Ark. App. 131, 985 S.W.2d 342 (1999), Black argues that a sentence may not be revoked for an allegation not included in the revocation petition and that, while Kimmey testified about an incident that occurred on January 1 or 2, there was no allegation in the State's petition about any crime allegedly committed on either of those dates.

Before a suspension may be revoked, the defendant shall be given prior notice of, among other things, the condition of suspension the defendant is alleged to have violated. Ark. Code Ann. § 16-93-307(b)(1) & (3)(C) (Repl. 2016). However, either a statutory or due-process lack-of-notice claim must be raised below to be entertained on appeal. *McElroy, supra.* Even in the case relied on by Black, we reversed because "the record shows that, *over appellant's objection to lack of notice*, the State was permitted to introduce evidence of violations

---

[3]A person commits aggravated assault upon an employee of a correctional facility if, under circumstances manifesting extreme indifference to the personal hygiene of that employee, the person purposely engages in conduct that creates a potential danger of infection to the employee while that employee is engaged in the course of his or her employment by causing a person whom the actor knows to be an employee of the state or local correctional facility to come into contact with saliva, blood, urine, feces, seminal fluid, or other bodily fluid by purposely throwing, tossing, expelling, or otherwise transferring the fluid or material. *See* Ark. Code Ann. § 5-13-211(a)(1) (Repl. 2024).

not enumerated in the petition to revoke." *Hill*, 65 Ark. App. at 132, 985 S.W.2d at 342 (emphasis added). Here, Black made no due-process or lack-of-notice objection below.

In any event, Black's arguments as to both aggravated assault and arson[4] are focused, at least in part, on the perceived lack of evidence regarding the dates of these offenses; however, we agree with the State that, generally, the date a crime is alleged to have occurred is not of critical significance unless the date is material to the offense. *Parnell v. State*, 2025 Ark. App. 417. Black makes no attempt to explain how the date was material to either offense. Also, as for both offenses, the State introduced date-stamped videos that were played for the trial court: the one pertaining to aggravated assault is dated January 6, and the other pertaining to arson is dated January 8. In addition, Black essentially "confessed" to arson.

Given all of these circumstances, we hold that the trial court's revocation decision was not clearly against the preponderance of the evidence.

Affirmed.

ABRAMSON and HARRISON, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Mallory Wood*, Ass't Att'y Gen., for appellee.

---

[4]A person commits arson if he or she starts a fire or causes an explosion with the purpose of destroying or otherwise damaging a vital public facility. Ark. Code Ann. § 5-38-301(a)(1)(D) (Repl. 2024).