Johnny THORNTON *v.* STATE of Arkansas

CA CR 79-20                                          590 S.W. 2d 57

Opinion delivered October 31, 1979
Released for publication December 5, 1979

676

*Gary R. Gibbs,* for appellant.

*Steve Clark,* Atty. Gen., by: *Catherine Anderson,* for appellee.

GEORGE HOWARD, JR., Judge. On September 13, 1976, appellant entered a plea of guilty to a charge of Criminal Use of a Prohibited Weapon. He was sentenced to a term of three years to the Department of Correction, which was suspended on condition of his good behavior, and fined $100.00.

On April 5, 1979, the Prosecuting Attorney of Garland County filed a petition for revocation of appellant's suspended sentence. A hearing was conducted on September 16, 1979, resulting in the revocation of appellant's suspended sentence and a sentence to the Department of Correction for one year. The trial court found, as a justification for revoking the sentence, that appellant had possessed a controlled substance, marijuana, and had committed a battery upon the person of Quana Mershell.

Appellant's argument for reversal may be briefly summarized as: Appellant was never processed for probation and, consequently, the court could not revoke that which has never been granted or instituted; the trial court erred in finding that appellant had been provided with a written statement containing the conditions under which his suspended sentence was predicated as required by Ark. Stat. Ann. § 41-1203 (1977 Repl.); and the court erred in finding that appellant had inexcusably failed to comply with the conditions of his suspended sentence.

After reviewing the record, we are persuaded that appellant's contentions are without merit and we affirm the trial court.

The record shows that when appellant received the suspended sentence, the trial judge carefully and clearly advised appellant what was expected in order for him to remain on probation. The court stated, among other things, that appellant must support his dependents and not violate the law in any form or fashion. After this admonition, the court asked appellant whether appellant understood the conditions of his probation. Appellant replied that he did. The court then requested the appellant if there were any questions that appellant wanted answered or matters clarified, and the appellant responded by saying "no."

While the record does not reflect that appellant ever had a conference with the probation officials, or that appellant actually received documents articulating the conditions of his probation, we are persuaded that this omission does not vitiate appellant's suspended sentence and probation which was granted in open court and in the presence of appellant. It must be remembered that only the trial judge has the discretion to suspend the imposition of a sentence and grant probation. Probation officers, on the other hand, supervise and aid probationers and make periodic reports to the court regarding the progress that a probationer is making. Moreover, it is readily understandable why there was, perhaps, no communication between appellant and the probation officials. Appellant, at the time of his trial, was on parole under a sentence in the State of Texas and the Texas authorities were interested in having appellant returned to Texas in connection with a possible parole violation. As a matter of fact, appellant was returned to Texas within a matter of days after his appearance before the trial judge. Under these circumstances, we are unable to see how appellant was prejudiced in any way assuming, without deciding, that appellant was not afforded a written document containing what was expected and required of him under his probation in Arkansas. Indeed, it is clear that there was substantial compliance with the requirement that appellant be advised explicitly with reference to the conditions under which he was being released.

Finally, we are convinced that the trial court's finding that appellant had inexcusably failed to comply with the

conditions of his probation is supported by a preponderance of the evidence.

Quana Mershell testified that while she was visiting in appellant's apartment, appellant gave her marijuana to smoke; and that during the course of the night, the appellant struck her at least ten times with his fist and open hand. Appellant denied that he had marijuana in his possession and further denied that he struck Quana. The trial court, obviously, disbelieved the appellant's version of the incident while accepting the testimony of Quana. The trial court was presented with a fact question and it was the court's responsibility to resolve the conflict and determine the credibility of the witnesses.

Appellant argues that inasmuch as Quana admitted smoking marijuana, she was an accomplice and her testimony is insufficient to support the action of the trial court. We reject this argument. It must be remembered, that a defendant, in a revocation proceeding is not being tried on a criminal charge — in the instant case, possessing marijuana and battery — where the defendant's guilt has to be established beyond a reasonable doubt, but here, only a preponderance of the evidence is necessary to support a finding that a probationer has inexcusably breached a condition associated with his release resulting in a revocation order. Moreover, it must be remembered that when a person is on probation, his liberty is conditional as distinguished from being absolute.

Affirmed.