Johnny HOLLAND *v.* STATE of Arkansas

CA CR 79-8                              591 S.W. 2d 698

Opinion delivered December 19, 1979
Released for publication January 9, 1980

*Robert E. Irwin*, for appellant.

*Steve Clark*, Atty. Gen., by: *Dennis R. Molock*, Asst. Atty. Gen., for appellee.

GEORGE HOWARD, JR., Judge. This is an appeal from the imposition of a one year sentence to the Department of Correction pursuant to a suspension of four years of an original sentence of five years where appellant was required originally to serve one year in the penitentiary.

Appellant contends:

The revocation of the suspended portion of appellant's original sentence was not authorized by the sentencing provisions of the Arkansas Criminal Code provided by Ark. Stat. Ann. § 41-803(4).

The pertinent facts are: On August 19, 1976, appellant entered pleas of guilty to two counts of theft of property. The trial court fixed appellant's punishment at five years in the Department of Correction, on each count, "with four (4) years suspended." The sentences were to run concurrently.

Appellant was released from the penitentiary in December, 1976.

On March 9, 1978, the State filed a petition for the revocation of appellant's suspended sentence.

Between September 13, 1977, and February 14, 1978, appellant was convicted of nine misdemeanor charges, including two counts of driving while under the influence of intoxicating liquor and one count of minor in possession. In addition to paying fines, appellant was confined to the county jail for ten days on two of the charges. Because of

appellant's failure to pay an installment due on a fine, appellant was taken into custody by officers, but escaped and fled to Crescent City, California. Arkansas police officers were required to make a trip to California in order to return appellant to Arkansas.

On November 28, 1978, the trial court found that appellant had "inexcusably fail[ed] to comply with the conditions of his suspension . . . and he hereby is directed to serve a period of one (1) year in the Arkansas State Penitentiary."

The force of appellant's argument for reversal may be briefly summarized as: The trial court was without authority to revoke any part of that portion of the suspension under appellant's original sentence, and that the original judgment did not set forth any conditions for suspension of the remaining four years of the original five year sentence.

Ark. Stat. Ann. § 41-803 (4) (Repl. 1977) provides in material part:

> If a defendant pleads or is found guilty of an offense other than capital murder, . . . [t]he court *may* sentence the defendant to a term of imprisonment and *suspend imposition of sentence* as to an additional term of imprisonment, . . . (Emphasis added.)

The original judgment of the trial court, as emphasized by appellant, does not contain any expressed conditions relating to the suspension given appellant. However, the presentence report of the probation officer of the trial court, which is a part of the record, does shed some light on the matter. The report, in relevant part, provides:

> "After a plea of guilty to two counts of Theft of Property in Circuit Court on August 19, 1976, Mr. Holland was given a five year prison term with four years suspended. *Upon his release from prison, he was to work steadily and stay out of any and all trouble for the next four years.*[1] (Emphasis supplied.)

---

[1] The original trial transcript was not made an exhibit to the revocation proceeding.

It is plain that the trial court obviously advised appellant from the bench that as a condition to the suspension afforded him, appellant was required to work steadily and stay out of any and all trouble for the next four years. Moreover, it is equally plain that the conditions were to become operative upon appellant's release from prison. Appellant does not challenge the accuracy of the pre-sentence report in any way.

In *Thornton* v. *State*, 267 Ark. 675, 590 S.W. 2d 57 (Ark. App. 1979), this Court held that there was substantial compliance with the statutory requirement that a defendant is entitled to a written list of the conditions governing his suspension where appellant was advised explicitly by the trial judge of the conditions. *Cain* v. *McGregor,* 182 Ark. 633, 32 S.W. 2d 319.

In *Matthews* v. *State,* 265 Ark. 298, 578 S.W. 2d 30 (1979), our Supreme Court has made it clear that a suspended sentence commences at the time a defendant is released from active confinement by the Department of Correction.

While the original judgment speaks in terms of four years of appellant's five year sentence as "suspended", the sum and substance of the trial court's action in making the conditions operative upon appellant's release from prison and the imposition of a one year sentence to the penitentiary at the close of the revocation hearing, the trial court, indeed, regarded its action as "a suspension of the imposition" of an additional four years to the original one year sentence to the Department of Correction.

We are persuaded that this record dictates a conclusion that the trial court suspended pronouncement of sentence of the additional four years articulated in the trial court's judgment of August 19, 1976.

Finally, appellant's challenge of the trial court's authority to revoke his suspended sentence is asserted for the first time on appeal. *Hughes* v. *State*, 264 Ark. 723, 574 S.W. 2d 888 (1978).

Affirmed.

WRIGHT, C.J. and NEWBERN, J., dissent.

ERNIE E. WRIGHT, Judge, dissenting. I would reverse the judgment of the court entered August 16, 1978, imposing a one year sentence upon appellant on the stated finding, ''The defendant has inexcusably failed to comply with the conditions of his suspended sentence.'' The judgment then enumerates certain actions of the defendant constituting misdemeanor offenses.

My dissent is not on the basis appellant's conduct does not warrant additional punishment, but rather is on the grounds the original sentence, as to the suspended portion, was not authorized by law, and therefore not a valid basis upon which to predicate further sentence.

Ark. Stat. Ann. § 41-803, a part of the new Criminal Code adopted in 1975, details the only sentences authorized and specifies no defendant convicted of an offense shall be sentenced otherwise than as authorized by the Criminal Code. § 41-803(4) provides if a defendant pleads or is found guilty of an offense other than capital murder, the court may sentence the defendant to pay a fine and suspend imposition of sentence as to imprisonment or place him on probation, or sentence the defendant to a term of imprisonment and suspend imposition of sentence as to an additional term of imprisonment. The section expressly prohibits sentencing a defendant to imprisonment in the penitentiary and placing him on probation except as authorized by § 41-1204. The latter section does not authorize sentencing a defendant to confinement in the penitentiary and also providing for probation.

In this case the court sentenced appellant to five years in prison and suspended four years. There was an imposition of a five year sentence and an authorized provision suspending four years, rather than a sentence of one year and reserving jurisdiction for imposition of an additional sentence as authorized by § 41-803.

The original judgment imposing sentence dated August

16, 1976 did not set out any conditions imposed upon the defendant as mandated by § 41-1203 in the case of suspension of imposition of sentence or probation; and the record is silent on any conditions attached to the suspended sentence other than a statement in the report of the probation officer dated after the judgment imposing the additional one year of confinement stating, "Upon his release from prison he was to work steadily and stay out of any and all trouble for the next few years."

The cases cited in the majority opinion either involve sentencing prior to the date of the new Criminal Code or do not address the question here raised of a sentence not authorized by law.

In my view the judgment of August 16, 1978 sentencing appellant to one year in prison is unauthorized by law. It is based upon a suspended sentence not authorized by present law. I am unable to equate suspended sentence with suspension of imposition of sentence.

I am authorized to say NEWBERN, J., concurs in this dissent.