# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–215

| | | |
|---|---|---|
| | | **Opinion Delivered** October 2, 2013 |
| LELAND FLEMING | | APPEAL FROM THE CRAWFORD |
| | APPELLANT | COUNTY CIRCUIT COURT |
| | | [No. 17 CR–2002–63] |
| V. | | HONORABLE GARY COTTRELL, |
| | | JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Leland Fleming claims that his suspended sentence was erroneously revoked for non-payment of restitution based on the fact that the amount of required restitution was increased without his knowledge and express consent. He also claims that the trial court was without jurisdiction to revoke his suspended sentence. After considering the merits of his arguments, we affirm his sentence.

Fleming pled no contest to a charge of non-support on May 20, 2002. He was sentenced to a five-year suspended imposition of sentence and was ordered to pay $2012.50 in restitution. He was also given thirty days of community service, to be served on the weekends. However, on May 31, 2002, the judgment and disposition order was entered, noting that the restitution amount had been amended to $9928, per the child-support-enforcement ledger. This amended restitution order was acknowledged and signed by Fleming's defense counsel.

On October 7, 2009, Fleming pled guilty to contempt, and he was sentenced to thirty-seven days in the Crawford County Detention Center, with credit for thirty-seven days served.[1] He was also ordered to pay the restitution previously ordered. Fleming made restitution payments until September 27, 2011; he had paid a total of $5450 in restitution by that time. On August 30, 2012, the State petitioned to revoke Fleming's suspended sentence, citing his failure to pay restitution. Fleming moved to dismiss the petition, based on his allegation that he failed to receive written notice of the change in his restitution requirements. The motion was twice overruled. Fleming was then sentenced to eighteen months' imprisonment in the Arkansas Department of Correction. This appeal followed.

Fleming's argument on appeal rests on the fact that on May 20, 2002, when he pled no contest to non-support, he signed a written document entitled "Conditions of Suspension or Probation" that provided that he pay $2072.50 in restitution. This same amount was included as part of his plea agreement. However, his judgment and disposition order required that he pay $9928 in restitution. The circuit court held a hearing on the matter. Fleming argued there, as he does on appeal, that the petition to revoke should have been dismissed based on the lack of written notice of the modified restitution amount. He claims that the restitution obligation should be controlled by the plea agreement and conditions document that he signed, requiring that he pay only $2072.50. The State responded that a judgment and disposition order signed by the court and filed of record controlled over the other documents received by Fleming. The

---

[1]Because Fleming was held to be in contempt in 2009, as opposed to being revoked, this case is factually different and distinguishable from our recent holding in *Mott v. State*, 2013 Ark. App. 529, which was from the same county and was based on a similar argument.

State also argued that Fleming's defense counsel had signed the amended order on Fleming's behalf, which provided Fleming with written notice through his agent.

According to Arkansas Code Annotated section 5-4-303(c)(8) (Supp. 2011), a defendant has a procedural right under the statute to a written statement explicitly setting forth the defendant's conditions of release. However, when the "twin purposes" of the notice requirement—assisting the defendant to lead a law-abiding life and preventing confusion on the defendant's part—are otherwise met, the record need not reflect that defendant actually received written notice. *Thorton v. State*, 267 Ark. 675, 677, 590 S.W.2d 57, 58–59 (1979). Additionally, written notice is a procedural right that, like any other, may be waived. *Banning v. State*, 22 Ark. App. 144, 148, 737 S.W.2d 167, 169 (1987).

The circuit court noted that Fleming was aware of the amount he owed based on his behavior of paying his obligation well beyond the amount contained in the original agreement, and the fact that he was notified that he was past due in his financial obligations and was instructed (multiple times) to bring his account current. The trial court reasoned that by Fleming's payment beyond the original amount and by receipt of various past-due notices, Fleming waived any reliance on the plea agreement and conditions document.

We agree with the trial court's conclusion that Fleming's behavior relating to payment and his receipt of the arrearage amount indicates that he was aware of the amended amount of restitution. We are further satisfied that Fleming received notice of the amended order via his attorney and hold that Fleming was bound by his agent. A defendant's attorney can make

agreements and personal waivers on behalf of his client, and they are binding on the defendant. *See Johnson v. State*, 314 Ark. 471, 472, 863 S.W.2d 305, 306 (1993).

As to his second point on appeal, it is resolved by the first point's outcome. A circuit court retains jurisdiction over a defendant who has been ordered to pay restitution as a condition of a deferred imposition of sentence until the restitution has been paid in full, even beyond the duration of deferment. *Smith v. State*, 83 Ark. App. 48, 52–53, 115 S.W.3d 820, 823 (2003).

Affirmed.

PITTMAN and WALMSLEY, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Christian Harris*, Ass't Att'y Gen., for appellee.