

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-612

| | |
|---|---|
| MELODY JANE BLANKENSHIP | **Opinion Delivered** February 12, 2014 |
| APPELLANT | APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT [NO. 17CR-2009-40] |
| V. | |
| STATE OF ARKANSAS | HONORABLE GARY COTTRELL, JUDGE |
| APPELLEE | REVERSED |

## PHILLIP T. WHITEAKER, Judge

Appellant Melody Jane Blankenship appeals a Crawford County Circuit Court's order revoking her suspended imposition of sentence for failure to complete a community-service obligation. Blankenship contends that the community-service obligation was not a condition of her suspended sentence and that a failure to perform her community-service requirements could not result in revocation of her suspended sentence. Given the purpose of the written notice requirements of Arkansas Code Annotated Section 5-4-303, and our duty to construe criminal statutes strictly, resolving all doubts in favor of the defendant, we agree and reverse.

On June 8, 2009, Blankenship pled guilty to multiple charges. The court sentenced her to a combined total of twelve years in the Arkansas Department of Correction, with an additional ten years suspended, and ordered her to pay restitution in $100 monthly installments. The court further imposed eight conditions on her suspended sentence, including a condition requiring compliance with "special conditions" imposed by the court.

SLIP OPINION

However, no "special conditions" were specifically or separately listed under the heading so designated in the order. The conditions were signed by the judge and acknowledged by Blankenship. Community service was not one of the conditions ordered by the court.

On April 11, 2012, the State filed a petition to revoke/show cause, alleging that Blankenship had violated the terms and conditions of her suspended sentence by committing a new offense and by failing to pay restitution as ordered. Blankenship entered into negotiations with the State, pled guilty to contempt, and paid $2,000 toward her restitution in lieu of having her suspended sentence revoked. The trial court found her in contempt and entered an order directing her to perform twenty days of community service at the Crawford County Courthouse. The order also directed her to begin making $100 monthly restitution payments and noted that "[a]ll other terms and conditions remain in full force and effect." Nothing in this order specifically advised Blankenship that failure to perform her community service could result in revocation of her suspended sentence or that community service was being imposed as a condition of her suspended sentence.

On January 22, 2013, the State again filed a petition to revoke/show cause. The petition alleged that Blankenship had (1) failed to make any payments toward her restitution, (2) failed to comply with the rules and regulations of her community service, (3) failed to comply with the rules and regulations of her probation, and (4) committed additional crimes—including theft of property, burglary, possession of drug paraphernalia with intent to ingest or inhale methamphetamine/cocaine—in violation of the terms and conditions of her suspended sentence.

2

At the hearing on the petition to revoke, the State presented only one witness—Junior Bing, the Crawford County Community Service Supervisor. Bing testified that Blankenship had not completed her community service. The State did not put on any evidence that Blankenship failed to pay restitution, violated the terms of her probation, or that she committed the additional crimes listed above. As a result, defense counsel moved for a directed verdict on the basis that the State had failed in its burden of proving those allegations. The trial court granted the motion, leaving the failure to perform community service as the only remaining allegation supporting revocation. Defense counsel then argued that Blankenship could not be revoked on the remaining allegation because she was never provided with written notice that the community-service obligation had been added to her suspended sentence or that a failure to perform the community-service obligation could result in a violation of her suspended sentence. The trial court denied the motion and revoked Blankenship's suspended sentence on that basis.

Arkansas Code Annotated section 5-4-303 states, "[i]f the court suspends imposition of sentence on a defendant or places him or her on probation, the defendant shall be given a written statement explicitly setting forth the conditions under which he or she is being released." "[A]ll conditions for a suspended sentence, including any requirement of good behavior, must be in writing if the suspended sentence is to be revocable." *Wade v. State*, 64 Ark. App. 108, 111, 983 S.W.2d 147, 149 (1998) (quoting *Ross v. State*, 268 Ark. 189, 594 S.W.2d 852 (1980) in the probation context). The reason for the statutory requirement is to avoid any misunderstanding by the probationer. *See Brewer v. State*, 274 Ark. 38, 621 S.W.2d

698 (1981). "[C]ourts have no power to imply and subsequently revoke conditions which were not expressly communicated in writing to a defendant as a condition of his [probation]." *Wade*, *supra*.

Clearly, the eight conditions of suspended sentence do not include any written condition of community service. While the conditions did impose a duty to "comply with all special conditions imposed by the court," no special conditions were noted in the order signed by the court and the defendant. Likewise, the contempt order does not clearly inform Blankenship that a new obligation or condition was added to her suspended sentence, nor does it clearly inform her that a failure to comply with that new condition could result in a revocation of her suspended sentence. Such written notification is required under Ark. Code Ann. § 5-4-303.

The State argues that this case is similar to the facts in *Fleming v. State*, 2013 Ark. App. 551, in which we held that the defendant's suspended sentence could be revoked for failing to comply with his restitution obligation, despite allegedly not receiving written notice that the amount of his restitution obligation had changed. The facts in this case are distinguishable. In *Fleming*, the defendant had received written notice that the payment of restitution was a condition of his suspended sentence and that failure to comply could result in revocation. The subsequent order only modified the amount. Here, Blankenship was never provided with any notice that the community-service obligation was a condition of her suspended sentence or that a failure to comply could result in revocation. Nor is there any

4

evidence, as the State argues, that she was informed that it had become a "special condition" upon which continuation of her suspended sentence relied.

As a result, we find that Blankenship was not placed on written notice that the community-service obligation imposed as a sanction for her contempt had become a condition of her suspended sentence. Given that this court must strictly construe criminal statutes and resolve any doubts in favor of the defendant, *see Williams v. State*, 347 Ark. 728, 67 S.W.3d 548 (2002), and given the purpose for providing written notice to defendants of the conditions of their probation, the requirements of section 5-4-303 were not met. As such, Blankenship's failure to satisfy her community-service obligation cannot serve as a basis for revocation.

Reversed.

GRUBER and VAUGHT, JJ., agree.

*Lisa-Marie Norris*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

SLIP OPINION