Cite as 2020 Ark. App. 353

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-19-353

| | |
|---|---|
| CLARENCE CURTIS<br><br>APPELLANT<br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** August 26, 2020<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-16-162]<br><br><br>HONORABLE EDDY EASLEY, JUDGE<br><br>AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

This is a companion case to *Curtis v. State*, 2020 Ark. App. 352 (case No. CR-19-354), also handed down today. On March 13, 2018, in Hot Spring County Circuit Court case number 30CR-16-162, appellant Clarence Curtis entered a negotiated plea of guilty to a violation of his sentence of probation for possession of methamphetamine with intent to deliver in exchange for the opportunity to participate in the circuit court's drug-court program. He was sentenced to a term of twenty years in the Arkansas Department of Correction. Pursuant to the plea agreement, the circuit court deferred the entry of judgment pending Curtis's successful completion of the drug-court program. This appeal follows from Curtis's expulsion from the drug-court program as a sanction for having committed "three strikes" and the resulting imposition of his twenty-year prison sentence. On appeal, Curtis seeks to overturn the revocation of his deferred sentence because he did not receive written

notice of the drug-court policies and rules and the policies and rules he was alleged to have violated in violation of his due-process rights. We affirm.

On November 27, 2018, a hearing was held in the circuit court's drug-court program "concerning a multiple strike issue that occurred on [Curtis]." Testimony at the hearing established that prior to entry into, and throughout the duration of, the drug-court program, participants are advised that they are not permitted to consume any controlled substances or medications—even over-the-counter ones—without approval from their supervisors. Curtis's drug-court supervisors testified that he had violated this drug-court rule on multiple occasions.

Curtis does not dispute that on March 20, 2018, he was found to have committed his first "strike" for using alcohol. As a sanction for this violation of drug-court rules, the circuit court ordered him to participate in a short-term residential-treatment program for ninety days. Curtis completed the residential-treatment program on September 14, 2018. Shortly after being discharged from the residential-treatment program, Curtis tested positive for THC. Curtis does not dispute that following a hearing on October 23, he was found to have committed his second "strike" for this violation. As a sanction for the violation, the circuit court ordered Curtis to serve ten days in jail. Curtis also does not dispute that from October through November 2018, he had several positive drug screens.

Following the November 27 hearing, the circuit court found that Curtis had committed his third "strike." As a sanction, Curtis was expelled from the drug-court program, and his twenty-year prison sentence was imposed.

Curtis's sole argument on appeal is that he was denied due process since he was not "advised of the conditions of participation into drug court and that no petition to revoke his deferred sentence was filed giving him notice of what conditions he violated." We cannot reach the merits of Curtis's argument because it is not preserved for appellate review.

It is well settled that we "will not consider arguments, even constitutional ones, that are raised for the first time on appeal." *Laymon v. State*, 2015 Ark. 485, at 5, 478 S.W.3d 203, 206. Curtis did not raise his due-process argument in the circuit court. He did not file any written objection to the November 27 hearing on his third "strike" for testing positive for drugs or to his expulsion from the drug-court program and imposition of sentence. Moreover, at the November 27 hearing, he made no argument whatsoever regarding lack of written notice of the drug-court policies and rules and of his particular alleged violations.

Because Curtis's argument was not raised below, it is not preserved for appeal and is barred from review by this court. *See Tornavacca v. State*, 2012 Ark. 224, at 19, 408 S.W.3d 727, 739 (declining to consider drug-court due-process claims that were not raised in the circuit court). Accordingly, we affirm.

Affirmed.

GRUBER, C.J., and KLAPPENBACH, J., agree.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by: *Ronald L. Davis, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Senior Ass't Att'y Gen., for appellee.