Cite as 2020 Ark. App. 352

# ARKANSAS COURT OF APPEALS
DIVISION II
**No.** CR–19–354

| | |
|---|---|
| CLARENCE CURTIS<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** August 26, 2020<br><br>APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CR-17-197]<br><br>HONORABLE EDDY EASLEY, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Chief Judge

Appellant Clarence Curtis appeals from the Hot Spring County Circuit Court's entry of judgment against him for possession of methamphetamine and possession of drug paraphernalia, both Class D felonies.[1] He contends that the circuit court violated his right to due process by revoking his deferred sentence from drug court because he was not provided written notice of the drug-court policies and rules and because he was expelled from the program without being given written notice of the conditions he was alleged to have violated. We affirm the order of the circuit court.

On March 13, 2018, Curtis pleaded guilty in case No. 30CR-17-197 to possession of methamphetamine and possession of drug paraphernalia in exchange for the opportunity

---

[1]This is a companion case to *Curtis v. State*, 2020 Ark. App. 353 (case No. CR–19-353), also handed down today in which appellant makes identical arguments on appeal.

to participate in the circuit court's drug-court program.[2] He was sentenced to concurrent terms of six years in the Arkansas Department of Correction.[3] Pursuant to his plea agreement, the court deferred the entry of judgment pending Curtis's successful completion of the drug-court program. While in the program, participants are not permitted to consume any controlled substances or medications without approval from their supervisors. Because Curtis committed three violations of the program's conditions, he was expelled from the program, and his deferred judgment was entered on December 20, 2018.

Before entering the deferred judgment, the circuit court held a hearing on Curtis's third and final violation. On November 27, 2018, testimony established that Curtis had committed his first violation on March 20, 2018, for using alcohol. As a sanction for this violation, the court had ordered Curtis to participate in a ninety-day residential-treatment program, which he completed on September 14, 2018. One week after his discharge, Curtis tested positive for THC. This constituted a second violation, for which the circuit court ordered Curtis to serve ten days in jail. He attended hearings for both violations. The third violation was due to several positive drug screens between October and November 2018, about which evidence was introduced at the hearing.

On appeal, Curtis does not dispute that he tested positive for controlled substances in violation of the drug-court program. He argues only that his expulsion from the program and the imposition of the prison sentence violated his right to due process because he was

---

[2]*See* Ark. Code Ann. § 5-4-313 (Repl. 2013).

[3]These sentences run consecutively to a sentence of twenty years in the companion case. *See Curtis v. State*, 2020 Ark. App. 353.

never advised of the conditions of participation in drug court and no petition to revoke his deferred sentence was filed giving him notice of which policies and rules he was alleged to have violated.

We decline to address Curtis's argument, however, because he did not raise it in the circuit court. We will not consider arguments, even constitutional ones, that are raised for the first time on appeal. *Lewis v. State*, 2016 Ark. App. 257, at 6, 492 S.W.3d 538, 542.

Affirmed.

ABRAMSON and KLAPPENBACH, JJ., agree.

*Ronald L. Davis, Jr. Law Firm, PLLC*, by: *Ronald L. Davis, Jr.*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rachel Kemp*, Senior Ass't Att'y Gen., for appellee.