Cite as 2023 Ark. App. 225

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-22-525

| | |
|---|---|
| ASSEFA G. EGZIABHER<br><br>APPELLANT<br><br><br>V.<br><br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 19, 2023<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. 72CR-17-3383; 72CR-17-2601; 72CR-11-1529; 72CR-10-2089]<br><br>HONORABLE MARK LINDSAY, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**RAYMOND R. ABRAMSON, Judge**

This appeal stems from four different cases from the Washington County Circuit Court. Following a revocation hearing on May 17, 2022, the circuit court found that Assefa Egziabher violated the conditions of his probation in cases Nos. 72CR-17-2601 (17-2601) and 72CR-17-3383 (17-3383) and violated the conditions of his suspended sentences in cases Nos. 72CR-10-2089 (10-2089) and 72CR-11-1529 (11-1529). Egziabher now appeals his revocations, arguing the following four points: (1) his case should have been dismissed because the revocation proceeding was not held within sixty days of his arrest; (2) the revocations in cases Nos. 10-2089 and 11-1529 were not based on written conditions; (3) there was not sufficient evidence to find he willfully failed to pay fines and costs in all four cases; and (4) he did not receive written notice of the revocation petitions. We affirm

Egziabher's revocations in cases Nos. 17-2601 and 17-3383, but because we find merit in his second appellate point, we reverse and remand his suspended impositions of sentence (SIS) in cases Nos. 10-2089 and 11-1529.

On April 26, 2012, Egziabher pleaded guilty to manufacturing methamphetamine, a Class Y felony, in case No. 10-2089 and robbery, a Class B felony, in case No. 11-1529; he was sentenced in each case to concurrent sentences of 120 months' imprisonment and an additional 120 months' suspended sentence. On March 7, 2018, Egziabher pleaded guilty in case No. 17-2601 to possession of a controlled substance, and in case No. 17-3383, to possession of a controlled substance and possession of drug paraphernalia—all three Class D felonies—and was sentenced to seventy-two months' probation.

On December 10, 2018, two motions for revocation were filed, one in cases Nos. 17-2601 and 17-3383, and the other in cases Nos. 10-2089 and 11-1529. Both petitions alleged that Egziabher had violated the conditions by committing the new offense of felony possession of drug paraphernalia and failure to pay court-ordered obligations. An amended motion for revocation was filed on June 22, 2021, in cases Nos. 17-2601 and 17-3383, alleging that Egziabher had violated the conditions of his probation by committing the offenses of felony possession of drug paraphernalia, possession of controlled substances, resisting arrest, failure to appear, theft by receiving, driving on a suspended or revoked driver's license, improper use of registration, no proof of ownership, no liability insurance, and violation of DWI implied consent. The petition also alleged that Egziabher had failed to pay fines and costs, failed to report to his probation officer, failed to provide his address

2

to his probation officer, evaded supervision, tested positive for controlled substances, failed to complete substance-abuse classes, failed to maintain employment, and failed to pay court-ordered obligations.

A second amended revocation motion was filed on May 10, 2022, in cases Nos. 17-2601 and 17-3383, which restated the allegations from the first amended motion and added allegations that Egziabher had committed battery and failed to remain on good behavior.

The circuit court held a revocation hearing on all four cases on May 17, 2022. Egziabher made several motions, all of which were denied. Jessie Vermillion, a police officer for the Fayetteville Police Department, testified that on April 21, 2021, he came into contact with Egziabher after being told by a detective that there was a suspicious vehicle in the Hobby Lobby parking lot. Upon meeting Egziabher, Officer Vermillion believed he was under the influence of a stimuli drug based on his nervousness, his quick speaking, and the white film around his mouth. While speaking to officers outside the car, Egziabher attempted to flee, but he quickly tripped and fell, which, after some resistance on Egziabher's part, resulted in his arrest.

In addition to what Egziabher identified as a "weed pipe," Egziabher had what appeared to Officer Vermillion to be a bag of methamphetamine and a bag of what appeared to be psilocybin mushrooms. Egziabher was arrested for resisting arrest, misdemeanor fleeing, possession of methamphetamine with the purpose to deliver, possession of a Schedule I controlled substance with the purpose to deliver, possession of a Schedule VI controlled substance with the purpose to deliver, and possession of drug paraphernalia.

In another incident, on October 19, 2019, Chase Harris, an officer with the Fayetteville Police Department, testified that he and another officer met Egziabher in the laundry room of the Seven Hills dorm after the manager called police to report Egziabher was trespassing. Egziabher was acting nervously, speaking rapidly, moving away from officers, and reaching toward his waistband. When the officers saw a piece of black plastic sticking out of Egziabher's pocket, they tried to restrain him, but Egziabher resisted, stating that "he did not want to be put back into a cell." Police subsequently found a black package for a radio that contained a suspected baggie of methamphetamine and three syringes. Egziabher was arrested for possession of methamphetamine, possession of drug paraphernalia, and resisting arrest.

Brandon Troutner, an Arkansas Division of Correction parole and probation officer, testified that he was responsible for supervising Egziabher from March 10 to October 4, 2021. In that time, Egziabher failed to report on March 22, March 26, March 30, and April 15, 2021. He also failed to pay supervision fees, maintain employment, or complete a mandated substance-abuse class, and had picked up new criminal charges. In addition, Egziabher called Troutner on July 12, 2021, after missing court and told Troutner that his attorney had requested a continuance and that he was in Clarksville. Troutner responded by telling Egziabher that what he said was not true, and Egziabher needed to turn himself in to authorities.

Evidence was introduced that Egziabher failed to make any payments in cases Nos. 10-2089, 11-1529, and 17-3383. The State also introduced a July 21, 2021 warrant of arrest

for Egziabher's failure to appear in eleven separate cases, including the four that were the subject of the revocation proceeding from which Egziabher now appeals.

At the hearing, Egziabher testified that he receives only eight hundred dollars a month in Social Security benefits for avascular necrosis and a psychotic disorder. Egziabher explained that this small amount per month and having been in two different jails since 2016 were the reasons he was unable to make any payments. He also claimed to have been in constant contact with Troutner and denied ever resisting arrest.

In its ruling, the court analyzed the various exhibits entered by the State showing that Egziabher had failed to pay on his various fines and fees and had pleaded guilty to numerous misdemeanors. The court did not find Egziabher credible. The court specifically noted that Egziabher had signed the warrant for his failure to appear in the same court and that no good cause had been shown for the failure to appear. The court found that Egziabher failed to pay fines and costs, and Egziabher's explanation that his income was less than eight hundred dollars a month did not account for how he was able to buy an Acura and a BMW.

At the conclusion of the hearing, the court found that Egziabher had violated the conditions of his suspended sentence in cases Nos. 10-2089 and 11-1529 and had violated the conditions of his probation in cases Nos. 17-2601 and 17-3383. In a sentencing order filed on May 19, 2022, the circuit court sentenced Egziabher to seventy-two months' imprisonment in case No. 17-2601; seventy-two months' imprisonment on each conviction in case No. 17-3383; 180 months SIS in case No. 10-2089; and 120 months' SIS in case No. 11-1529. The circuit court ordered all terms of imprisonment to be served consecutively, for

5

an aggregate prison sentence of 216 months. Egziabher's timely appeal is now before this court.

Egziabher's first appellate argument is that his case should have been dismissed because the revocation proceeding was not held within sixty days of his arrest. However, a defendant who does not object to the timeliness of a hearing prior to the expiration of the sixty-day period waives the right to later object to the timeliness of the revocation hearing. *Virgies v. State*, 2019 Ark. App. 353, at 3, 583 S.W.3d 403, 405. Here, Egziabher failed to raise the issue of timeliness prior to the expiration of the sixty-day period; thus, pursuant to *Virgies*, he waived any objection to the timeliness of the hearing. We therefore decline to address the merits of his first appellate argument and affirm.

Egziabher's second appellate point is that the revocations in cases Nos. 10-2089 and 11-1529 were based on failures to comply with a term not included in any written notice of his conditions of suspended sentence. At the revocation hearing, Egziabher's counsel moved to dismiss the petition, arguing that the box on the April 27, 2012 sentencing order indicating whether conditions of disposition or probation are attached is marked "no," and there were no remarks in the "additional info" section of the order. The circuit court denied his motion.

A court shall impose conditions on a person who receives a suspended sentence, and those conditions must be in writing. Ark. Code Ann. § 5-4-303 (a) & (e) (Repl. 2006). The purpose of the statutory requirement is to avoid any misunderstanding. *E.g., Gilbreth v. State*, 2020 Ark. App. 86, at 6, 596 S.W.3d 29, 33. Consequently, a circuit court's revocation

6

cannot be based on conditions that were not communicated in writing to the defendant. *E.g.*, *id*. "[E]ven implied terms, such as good behavior, must be explicitly included in the written terms . . . in order to revoke for a violation of those terms." *Wade v. State*, 64 Ark. App. 108, 112, 983 S.W.2d 147, 150 (1998).

Here, there is no evidence in our record that the financial-obligations provision in cases Nos. 10-2089 and 11-1529 were expressly communicated in writing to Egziabher to be a condition of his suspended sentence, and we lack the authority to infer it as such. Accordingly, we hold that the circuit court improperly revoked Egziabher's suspended sentence in cases Nos. 10-2089 and 11-1529. We reverse and remand for entry of a sentencing order consistent with this opinion.

Egziabher's third point on appeal is that there was insufficient evidence to revoke his probation and SIS for failure to pay fines, costs, and fees. Because we have reversed his revocations in cases Nos. 10-2089 and 11-1529, we need not discuss the sufficiency of the evidence in those cases. Further, we note that Egziabher does not challenge the circuit court's alternative finding that he failed to remain on good behavior in cases Nos. 17-2601 and 17-3383. Accordingly, we affirm his revocations in those two cases without addressing the merits. *See, e.g.*, *Morgan v. State*, 2020 Ark. App. 212, at 4, 599 S.W.3d 665, 668 ("[W]hen the circuit court bases its decision on alternate, independent grounds, as it did here, and the appellant challenges only one of those grounds, we will affirm without addressing the merits of either.").

Egziabher's final appellate point is that his revocations should be dismissed because he did not receive written notice. Specifically, he claims that he was not personally given notice of the second amended petition in cases Nos. 17-2601 and 17-3383. A defendant must receive prior written notice of the time and place of the revocation hearing, the purpose of the revocation hearing, and the condition of suspension or probation the defendant is alleged to have violated. Ark. Code Ann. § 16-93-307(b)(3) (Repl. 2016). The notice does not have to be provided to the defendant personally when it is served on his attorney. *E.g.,* *Brown v. State*, 2016 Ark. App. 403, at 4–5, 500 S.W.3d 781, 784–85.

Here, the circuit court correctly found that the second amended petition was properly served on defense counsel and that this constituted proper notice. While Egziabher claims that he was not provided notice of the first amended petition for revocation, this is of no matter because the second amended petition gave him notice of all grounds for revocation in all four cases. The circuit court did not err in finding that Egziabher was given notice of the second amended petition through counsel.

We affirm the circuit court's finding that Egziabher violated the conditions of his probation in cases Nos. 17-2601 and 17-3383; we reverse Egziabher's suspended sentence in cases Nos. 10-2089 and 11-529; and we remand for entry of a sentencing order consistent with this opinion.

Affirmed in part; reversed and remanded in part.

GLADWIN and THYER, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.