Cite as 2026 Ark. App. 130

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-412

| | |
|---|---|
| RONNIE TUCKER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered February 25, 2026<br><br>APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR-24-563]<br><br>HONORABLE KEN CASADY, JUDGE<br><br>AFFIRMED |

**CINDY GRACE THYER, Judge**

Ronnie Tucker appeals from the termination of his participation in the Saline County Drug Court program. He argues that he was improperly "revoked" on the basis of an unwritten condition in violation of his due-process rights; in addition, he asserts that the circuit judge should have recused himself from the proceedings against him. We find no error and affirm.[1]

Tucker was charged in case number 63CR-24-563 with possession of a controlled substance, possession of drug paraphernalia, and failure to appear. In the companion case, case number 63CR-24-649, he was charged as a habitual offender with possession of a controlled substance (methamphetamine), possession of a controlled substance (marijuana),

---

[1]This is a companion case to another opinion handed down today. *See Tucker v. State*, 2026 Ark. App. 131.

and failure to appear. On February 6, 2025, Tucker pled guilty in both cases to two counts of Class D felony possession of a controlled substance, one count of possession of drug paraphernalia, two counts of failure to appear, and one Class A misdemeanor count of possession of a controlled substance. Tucker was sentenced to 120 months in the Arkansas Division of Correction; however, the entry of judgment was deferred pending Tucker's successful completion of the circuit court's drug-court program.

In order to avail himself of the drug-court program, Tucker signed the "Saline County Adult Drug Court Admission Form and Order" acknowledging that his sentencing order would be entered, and his sentence would begin immediately if he were expelled from drug court for any reason. The admission form also stated Tucker's agreement that he would "comply with all terms of this Drug Court and Supervision Order and any and all other orders (whether written or oral) of the Court, my supervising officer, the Drug Court Counselor or any other drug Court personnel acting in their official capacity." In addition, Tucker signed the drug-court participant handbook and initialed each condition. Those conditions expressly provided, among other things, that he must obey all federal and state laws and "must not associate with any convicted felons, persons who are engaged in criminal activity, or other persons with whom the Drug Court instructs you not to associate."

On March 3, 2025, the State filed a petition to terminate Tucker's drug-court participation and to impose sentence. The State's petition alleged that Tucker had violated multiple conditions of supervision, including associating with Angela Clemenson, who was a convicted felon, and receiving a traffic ticket for driving without a license.

2

The circuit court held a hearing on the State's petition on April 1, 2025. Lieutenant Whitley Grant, the Saline County Detention Center's court liaison, introduced Tucker's phone-call logs, which showed multiple phone calls and text messages between Tucker and Clemenson. Drug Court Officer Becca Hines testified that Tucker failed to comply with court rules and the orders of drug court, noting that he maintained contact with Clemenson despite his having been told how important it was for him to stay away from her. Hines said that Tucker had been sanctioned on February 28 with four days in jail for having contact with Clemenson, yet while he was in jail, he placed a video call to Clemenson. That video call was played in court without objection, and we reproduce some salient portions here:

CLEMENSON:     [W]hat happens with us?

TUCKER:     I mean, us, you and I still where we are. Same thing. I don't know. I don't know. They want us to stay apart for four fucking months. That's what I told them. Exactly what I told them, I told them, I said, no. They said, yeah. I said, okay, fuck around and find out and see what happens.

. . . .

CLEMENSON:     What did they say when you got there?

TUCKER:     Yeah. Everybody's like, goddangit, boy, what the fuck? I told them, look, I can't stay away from my old lady. Fuck 'em. What are they gonna do? Throw me back in--put me in prison for staying with my old lady? Fuck no. I love you too, baby.

. . . .

TUCKER:     But it ain't your fault. It's not. It's my fault. I know, I know. But I've got news for them. If they gonna let me see you, they're going to have to put me right back in this bitch. Or I'm fixing to go

3

abscond. But they need to let me be around you. Them motherfuckers need to quit fucking around. God damn.

A second phone call between Tucker and Clemenson was played as well. In this one, Tucker told Clemenson that he had spoken with a lawyer, who "said something about a 90-day sanction." Tucker told the attorney that he would do that, "but they need to drop the no-contact order."

Upon questioning by the court, Hines said that Tucker knew the requirement that he have no contact with Clemenson was a condition of his plea into drug court. She said that she went to the jail and spoke with Tucker twice, adding that they could try to let him have phone conversations with Clemenson "if he stayed away from her for at least two weeks, and he wouldn't. He couldn't stay away from her for two weeks." At the end of her direct testimony, Hines said she did not believe Tucker was capable of complying with the court's order.

After the State rested, Tucker testified on his own behalf. He said that Clemenson is his fiancée. He claimed that if he were sanctioned and reinstated to drug court, he would be able to stay away from her for "however long drug court asks [him] to" because he did not want to go back to prison.

At the conclusion of the hearing, the circuit court found that Tucker had entered the drug-court program "knowing for a period of time [he] would not have contact with that person." The court acknowledged it was a hard rule to follow, "[b]ut it is a rule, and it's a rule that [he had] consciously disregarded." Because the court had no confidence that Tucker

4

would "follow anything with regard to that specific order," the court removed Tucker from drug court and imposed the 120-month sentence to which Tucker had previously pled. Tucker timely appealed.

In his first point on appeal, Tucker argues that the "revocation" of his drug-court participation violated his due-process rights because it was based on an unwritten condition. He asserts that he was never apprised in writing that he was being ordered to have no contact with Clemenson as a condition of his probation; accordingly, the circuit court erred in "revoking" him. Tucker failed to raise his due-process arguments below, however, and it is well settled that we will not consider arguments, even constitutional ones, that are raised for the first time on appeal. *Curtis v. State*, 2020 Ark. App. 353, at 3 (refusing to consider a due-process argument in a drug-court revocation case because appellant failed to raise or argue it in the circuit court). Because Tucker's due-process argument was not raised below, it is not preserved for appeal and is precluded from review by this court. *Id.*

Tucker then characterizes his lack-of-written-notice argument as a challenge to the sufficiency of the evidence, which can be raised for the first time on appeal. His argument is premised solely on probation-revocation cases that hold that a circuit court's revocation of a defendant's probation cannot be based on conditions that were not communicated in writing to the defendant. *See, e.g.*, *Blankenship v. State*, 2014 Ark. App. 104; *Egziabher v. State*, 2023 Ark. App. 225, 665 S.W.3d 275. He asserts that he and the court signed "conditions of probation" that did not contain a specific no-contact order and that the testimony showed

only that he was verbally advised of the no-contact provision. As such, he claims, the circuit court erred in removing him from the program solely because of his contact with Clemenson.

We disagree. Tucker is simply mistaken that the conditions of his participation in drug court were not communicated to him in writing. Although he describes the condition as a "no contact order with his fiancé" that was not specifically spelled out in the documents he signed, the drug-court handbook expressly states that Tucker was forbidden from associating with felons, stating that "[y]ou must not associate with any convicted felons . . . or other persons with whom the Drug Court instructs you not to associate." In turn, the drug-court admission form states, "I hereby agree to comply with all terms of this Drug Court and Supervision Order and any and all other orders (whether written or oral) of the Court[.]" Tucker initialed each of these provisions and signed both forms on February 6, 2025, the same date he signed the guilty-plea statement in the presence of his lawyer. Tucker does not dispute, either here or before the circuit court, that Clemenson is a felon or contend that he was unaware that he must not associate with her. Moreover, the circuit court heard ample evidence that he was in frequent contact with her after being placed in drug court. Thus, Tucker's argument that he was not provided sufficient notice of the conditions of his participation in drug court are unavailing.

In his second point on appeal, Tucker argues that the circuit judge should have recused himself from his case because the judge was a defendant in a federal civil lawsuit in which Tucker claims to be a participant. He acknowledges that he did not raise the issue of the court's disqualification below but suggests that the judge's alleged partiality constitutes a

"structural error" that may be raised for the first time on appeal pursuant to a *Wicks* exception. *See Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

He is mistaken. "[A] defendant loses his or her right to raise [the issue of the] disqualification of a judge due to bias for the first time on appeal if that defendant participates in the trial, knowing of the potential bias, without objection." *Simpson v. State*, 310 Ark. 493, 499, 837 S.W.2d 475, 478 (1992); *see also Rawlins v. State*, 2024 Ark. App. 83, at 7, 684 S.W.3d 602, 607 (when appellant did not move to disqualify judge below, argument concerning disqualification was not preserved for appellate review); *Bates v. Homan*, 2021 Ark. App. 266. Because Tucker admittedly failed to raise the issue of the circuit court's disqualification below, the argument is not preserved, and we therefore do not address it.

Affirmed.

ABRAMSON and BROWN, JJ., agree.

*Bowers Law, PLLC*, by: *Benjamin C. Bowers*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.